UNITED STATES OF AMERICA   DISTRICT COURT
EASTERN DISTRICT            MASSACHUSETTS

JON P. MORISEY,
                          Plaintiff,            **MOTION TO DISMISS**

v.

ALEXANDRA BURKETT, ESQ., et al.      Case No: 04-12173RWZ
                  Defendants.

MOTION TO DISMISS AND INCORPORATED MEMORANDUM

OF LAW PURSUANT TO FEDERAL RULES AND

CIVIL PROCEDURE §12 B(6)(1),(2) and (6)

NOW COMES Defendant, Alexandra Burkett, Esq., pro se, and move the Court to dismiss the complaint against the Defendants in its entirety for failure to State a Claim upon which relief may be granted under FRCP §12 B(1), (2) and (6). In support of said Motion, your deponent states as follows:

    1.)    That the Plaintiff through his Complaint alleges that the Federal Court has jurisdiction to hear this matter against all Defendants under Article III Sections 1 & 2 of the United States Constitution and through the Ninth, Eleventh Fourteenth, and other Amendments to the United States Constitution.

    2.)    The Plaintiff further maintains jurisdiction through diversity of citizenship and on the basis of a Federal Question under 28 USC 1331, *et al.*

1

3.)   This Motion sets forth reasons that the Plaintiff's claims cannot survive certain legal tests relative to the basic jurisdictional thresholds that the Plaintiff must meet to survive this Motion to Dismiss.

4.)   That Plaintiff in his Cause of Action for Damages fails to set forth any statement of facts which even if taken as true by the Court would set forth sufficient grounds for the relief requested by the Plaintiff.

### MOTION TO DISMISS
Federal rule of civil procedure 12 (b)(1)
(Lack of Jurisdiction of a subject matter)

5.)   "Even when brought under the guise of a Federal Question action, suit whose substance is domestic relations generally will not be entertained in federal court." *Firestone v. Cleveland Trust Co.*, 654 F. 2d 1212 (1981). The whole subject of domestic relations belongs to laws of the state where jurisdiction exists and not to the laws of the United States; thus, original federal jurisdiction of suits primarily involving domestic relations is improper, notwithstanding that parties are residents of different states, and such disputes do not present a federal question, *Wilkins v. Rogers,* 581 F.2d 399 (4th Cir. 1978) "In federal question cases wherein the complaint is so drawn as to seek recovery under the Constitution and laws of the United States, the federal court must entertain the suit unless the alleged federal claim appears to have been made solely for the purpose of obtaining jurisdiction or to be wholly insubstantial and frivolous. "*Bush v. State Industries, Inc.,* 599 F.2d 780 (6th Cir. 1979). Herein, the Plaintiff seeks Federal Jurisdiction and

2

          intervention solely to interfere and frustrate not only the New York State Court, but also the litigants and counsel.

6.)     The Plaintiff in the instant case only cites certain amendments to the United States Constitution in an attempt to establish federal jurisdiction for his lawsuit. It is clear from the pleading filed by the Plaintiff that he is attempting to preemptively set aside a valid order of the state concerning custody of his children.

### MOTION TO DISMISS
Federal rule of civil procedure 12 (b)(2)
(Lack of Jurisdiction over a Person)

7.)     Current general diversity statute applies to cases in which the citizenship of each plaintiff is diverse from the citizenship of *each defendant* (Emphasis added). *Caterpillar, Inc. v. Lewis,* 117 S.Ct. 467, 529 U.S. 61 (1996). The Federal District Court may exercise original jurisdiction over civil claims between citizens of different states and exceeding $75,000 in controversy. 28 USC § 1332. This Statute also confers jurisdiction on district courts in diversity of citizenship cases but calls for strict construction. *McSparran v. Weist,* 402 F.2d 867 (3d Cir. 1968), *cert den.* 89 S.Ct. 17399, 395 U.S. 903. "This section is to be strictly construed to require that each defendant be a citizen from a different state from each Plaintiff." *Skinner v. American Oil Co.,* 470 F. Supp 229 (S.D. Iowa 1979). As all Defendants reside in the State of New York, this action must be dismissed as the required diverse relationship between all parties is absent.

3

## MOTION TO DISMISS
Federal rule of civil procedure 12 (b)(6)
(Failure to State a Claim Upon Which Relief can be Granted)

8.)  Federal Rule of Civil Procedure 12(B)(6) provides that a complaint may be dismissed "failure of the pleading to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). The Supreme Court has explained that a complaint should not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6) motion should only be granted if, after accepting the allegations in the complaint as true, the plaintiff cannot prove any set of facts in support of a claim that entitles him to relief. *Edwards v. City of Goldsboro.* 178 F.3d 231, 244 (4th Cir. 1999).

9.)  As the Plaintiff claims that the Defendant has abridged his rights in New York State Court, there is no basis in law, your deponent was a retained, privately paid attorney for the Plaintiff's ex-wife, and thus not a state actor, or in any official capacity pursuant to Federal Law. The Plaintiff fails to set forth his remedies available in New York, including appearing and participating in the State action for custody, which he has now defaulted, and failed to appeal.

10.)  If the court determines that the Plaintiff has reached the threshold requirements for either federal question or diversity of citizenship jurisdiction, then your undersigned asks the court to dismiss this

      complaint in its entirety on the basis that he fails to state a claim upon which relief can be granted. Otherwise, respectfully, this court does not have jurisdiction to make such a finding.

11.) That your deponent has submitted this Motion in Lieu of a formal answer, and as such reserves her right to file a formal answer after the within Motion is heard and decided.

WHEREFORE, the named Defendants pray that the court:

a. Dismiss this complaint in its entirety based upon Rules 12(b)(1), (2) & (6) of the Federal Rules of Civil Procedure;

b. Grant any other and further relief that this court deems just and proper.

This is the 9th day of November, 2004.

                                              *[signature]*

                                          Alexandra Burkett  
                                          Pro se, Defendant  
                                          66 North Main Street  
                                          Canandaigua, New York 14424  
                                          585-396-0670

## VERIFICATION

STATE OF NEW YORK)
                 ) SS.:
COUNTY OF ONTARIO)

**Alexandra Burkett, Esq.**, being duly sworn, deposes and says that deponent is the Defendant in the within action; that deponent has read the foregoing Verified Answer and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those maters deponent believes it to be true.

In accordance with 22 NYCRR § 202.16(e), and FCPL Rule 11 I certify, under penalty of perjury, that I have no knowledge that the substance of the information within this document is false. I have made the foregoing certification on the basis of information or documentation, or both, provided by the signer of the document. I have not certified the accuracy or truthfulness of the contents of the document other than to verify for purposes limited to the requirements of 22 NYCRR § 202.16(e) (Court Rules) and FCPL Rule 11 that I have no knowledge that the substance of the submission is false. This certification does NOT certify the accuracy or truthfulness of the information contained therein. My limited certification is not intended to be, and should not be, relied on by anyone for the truthfulness or accuracy, or both, of the submission.

_____
Alexandra Burkett, Esq.

Sworn before me this
9th day of November, 2004

_____
Notary Public

GLORIA J. LYNCH
Notary Public
Wayne County
Commission Expires April 30, 2006

6

## CERTIFICATE OF SERVICE

I certify that on the 9th day of November, 2004, I caused to be served the Defendant's Motion to Dismiss on the Plaintiff by placing the same in a postage paid wrapper and depositing said wrapper in the United States Mail, first Class Delivery. The address used was 175 J Centre Street, Apt. 1001, Quincy, MA 02169, the same as set forth in Plaintiff's pleadings herein.

Dated: November 9, 2004

*Alexandra Burkett*
Alexandra Burkett