UNITED STATES OF AMERICA   DISTRICT COURT
EASTERN DISTRICT                 MASSACHUSETTS

JON P. MORISEY,

                                              **Plaintiff,**     **MOTION TO DISMISS**

        -vs-

                                                                 **Case No.:04-12173RWZ**

**ROBERT GOSPER, ESQ., et. al.,**

_____   **Defendants.**

## *MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW*

## *PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 B(6)(1), (2) and (6)*

**NOW COMES** Defendant Robert L. Gosper, Esq., pro se, to move this Court to dismiss

the complaint against the Defendants in its entirety for lack of diversity jurisdiction, lack of a

federal question and failure to state a claim upon which relief may be granted under Federal

Rules of Civil Procedure 12 b(1), (2) and (6). In support of this Motion, your deponent does

respectfully state the following:

1.      The plaintiff alleges in his complaint that the Federal Court has jurisdiction to

hear this matter as against all the defendants under Article III, Sections 1 and 2 of the United

States Constitution and through the 9th, 11th, 14th and other Amendments to the United States

Constitution.

2.      The plaintiff further alleges that the Federal Court maintains jurisdiction through

diversity of citizenship and on the basis of a Federal Question under 28 USC 1331, et. al.

3.      This Motion respectfully argues that the plaintiff's claims cannot survive certain

legal tests relative to the basic jurisdictional thresholds which are required to survive this Motion

to Dismiss.

4.      The plaintiff in his Complaint for Damages fails to set forth any statement of facts

which even if taken as true by the Court would set forth sufficient grounds for the relief

requested by the plaintiff.

ROBERT L. GOSPER
1904 Rte. 96, Ste. 2
Phelps, N.Y. 14532
(315) 548-6200

## *MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION*
### [Federal Rules of Civil Procedure 12(b)(1)]

5.      "Even when brought under the guise of a Federal Question action, suit whose

substance is domestic relations generally will not be entertained in federal court." *Firestone v.*

*Cleveland Trust Co.*, 654 F. 2d 1212 (1981).  The whole subject of domestic relations belongs to

the law of the state where jurisdiction exists and not to the laws of the United States, thus,

original federal jurisdiction of suits primarily involving domestic relations is improper,

notwithstanding that parties are residents of different states, and such disputes do not present a

federal question. *Wilkins v. Rogers*, 581 F. 2d 399 (4th Cir. 1978).

6.      "In federal question cases wherein the complaint is so drawn as to seek recovery

under the Constitution and laws of the United States, the federal court must entertain the suit

*unless* [italics added] the alleged federal claim appears to have been *made solely for the purpose*

*of obtaining jurisdiction* or *to be wholly insubstantial and frivolous* [italics added]." *Bush v.*

*State Industries, Inc.*, 599 F. 2d 780 (6th Cir. 1979).

7.      The plaintiff was both a petitioner and respondent in more than a half

dozen petitions in Ontario County Family Court, Ontario County, New York.  Until relocating to

Massachusetts, the plaintiff resided in Ontario County and it was he, in fact, who commenced

the first petition seeking modification of the parties' divorce decree.  Upon information and

belief, he still owned real property in Ontario County at the time he commenced he filed his first

petition in Ontario County.  The first day of hearings upon the plaintiff's various petitions was

conducted on August 4, 2004.  He attended and testified on his own behalf.  This hearing was

adjourned until September 3, 2004; however, the petitioner failed to appear (despite being in

court on August 4, 2004 when the continuation date was set) so each of his pending petitions was dismissed. The matter was then rescheduled for October 27, 2004 for defendant Staci Raggi to proceed with her petition to modify the parties' divorce decree. Plaintiff failed to appear on that date but served defendant Alexandra Burkett, Esq. (Ms. Raggi's attorney) with this action a day or two before the hearing date, and upon defendant Hon. Frederick G. Reed (the trial judge) with a Notice of Motion (but no such Order) removing the matter to federal court. The hearing was conducted in his absence. Your deponent is the Law Guardian for the parties' minor children and I received both the Notice of Motion and federal complaint by mail on October 28, 2004. Contrary to plaintiff's misleading assertions, he enjoyed the services of three separate attorneys in the Ontario County Family Court matters. One appointed attorney chose to withdraw based upon a significant difference of opinion concerning strategy and other issues. Upon information and belief, a second appointed attorney was replaced when plaintiff decided to retain counsel. Plaintiff subsequently terminated the services of his retained attorney, without application for a third court appointed attorney, while continuing to file pro se petitions, motions and so forth.

8.    In support of his application, plaintiff merely cites a random number of Amendments to the United States Constitution in his attempt to establish Federal Jurisdiction for his suit.

9.    It is clear that the plaintiff seeks Federal Jurisdiction and intervention for the sole purpose of circumventing the New York State Court in a blatant attempt to preemptively set aside a valid order concerning custody and visitation and for the additional purposes of interfering and frustrating the Court, the litigants and counsel -- all for a wholly insubstantial and frivolous claim.

ROBERT L. GOSPER
1904 Rte. 96, Ste. 2
Phelps, N.Y. 14532
(315) 548-6200

## *MOTION TO DISMISS FOR LACK OF JURISDICTION OVER A PERSON*
### [Federal Rules of Civil Procedure 12(b)(2)]

10.    In general, the diversity statute applies to cases in which the citizenship of each plaintiff is diverse from the citizenship of *each defendant*. *Caterpillar, Inc. v. Lewis*, 117 S.Ct. 467, 529 U.S. 61 (1996). The Federal District Court may exercise original jurisdiction over civil claims between citizens of different states exceeding $75,000 in controversy. 28 USC §1332. This statute also confers jurisdiction on district courts in diversity of citizenship cases but calls for strict construction. *McSparran v. Weist*, 402 F.2d 867 (3d Cir. 1968), *cert den.* 89 S.Ct. 17399, 395 U.S. 903. "This section is to be strictly construed to require that each defendant be a citizen from a different state from each Plaintiff." *Skinner v. American Oil Co.*, 470 F. Supp 229 (S.D. Iowa 1979). Since all of the defendants in this action reside within New York State, the requisite diverse relationship between all parties is absent.

11.    In the absence of this strictly construed diversity, plaintiff's action must be dismissed as a matter of law.

## *MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED*
### [Federal Rules of Civil Procedure 12(b)(6)]

12.    Federal Rules of Civil Procedure 12(b)(6) provides that a *complaint* may be dismissed for "…failure of the pleading to state a claim upon which relief can be granted." The Supreme Court has explained that a complaint should not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 46 (1957). A Rule 12(b) (6) Motion to Dismiss should only be granted if, after accepting the allegations in the complaint as true, the plaintiff cannot prove any set of facts in support of a claim that entitles him to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

13.     Your deponent is an attorney in good standing, licensed to practice before the Courts of New York State, who was acting as Law Guardian for the parties' minor children. I have no legal obligation or connection with the court other than to advance the wishes of my clients in the multiple court proceedings. I am neither a state actor nor other official as contemplated by Federal Law and therefore there is no basis in law for this action under any theory.

14.     Furthermore, plaintiff has failed to set forth the remedies available in New York, which included his continuing appearance and prosecution of his own petitions, defense of defendant Raggi's petition, in which he has voluntarily defaulted as more fully set forth in paragraph "7" above.

15.     The plaintiff has failed to allege any facts which could even liberally be construed as a valid complaint. He addresses issues of child support and related matters which were not considerations in the proceedings; rather, his self serving and conclusory statements rise to the level of general rantings and dissatisfaction with the overall family court system (including general comments concerning custody, visitation, child support and so forth) which are not fact specific to the proceedings in Ontario County Family Court. Instead of proceeding with his multiple petitions and defending the petition brought by Ms. Raggi, plaintiff simply chose to stop coming to court and throw in the towel. Apparently with the hope of enticing the Federal Court into assuming jurisdiction based upon plaintiff's general discontent. It is interesting to note (and even more telling since plaintiff failed to mention) that the allegations set forth in paragraph "8(d)" of the complaint intimating that there was some type of "relationship" between defendant Alexandra Burkett, Esq. and myself were submitted to the Attorney Grievance Committee by plaintiff and summarily rejected.

16.     If the Court determines that plaintiff has reached the threshold requirements

for either Federal Question or Diversity of Citizenship jurisdiction, then your deponent asks the Court to dismiss this complaint in its entirety for <u>complete failure of the plaintiff to State a Claim or Cause of Action Upon Which Relief Can be Granted</u>.

17.     That your deponent, appearing pro se, submits this Motion to Dismiss in lieu of a formal Answer; however, reserves the right to file such after the Court has rendered its decision on the Motion.

**WHEREFORE,** your deponent respectfully prays for the following relief:

1.     Dismissal of the plaintiff's Complaint in its entirety pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure;

2.     An Order precluding the plaintiff from filing further insubstantial and frivolous complaints;

3.     Such other and further relief as this Court may deem just and proper.

Dated:  November 11, 2004

Robert L. Gosper
Pro Se Defendant
1904 Route 96, Suite 2
Phelps, N.Y. 14532
Tel: (315) 548-6200

## <u>VERIFICATION</u>

STATE OF NEW YORK)
COUNTY OF ONTARIO) s.s.:

   **ROBERT L. GOSPER, ESQ.,** being first duly sworn, deposes and says that deponent is a defendant in the within action; that deponent has read the foregoing Motion to Dismiss and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true.

   In accordance with NYCRR §202.16(E) and FCPL Rule 11, I certify, under penalty of perjury, that I have no knowledge that the substance of the information within this document is false. I have made the foregoing certification on the basis of information or documentation, or both.

**ROBERT L. GOSPER**

Sworn to before me this
_11_ day of November, 2004.

Notary Public

KEITH R. LORD
Notary Public, State of New York
No. 02LO6091868
Qualified in Ontario County
Commission Expires May 5, _____

ROBERT L. GOSPER
1904 Rte. 96, Ste. 2
Phelps, N.Y. 14532
(315) 548-6200

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 11th day of November, 2004, I caused to be served the Defendant's Motion to Dismiss on the plaintiff by placing the same in a postage paid envelope, deposited in a depositary under the exclusive use and care of the United States Postal Service, addressed to Mr. Jon P. Morisey, 175J Centre Street, Apt. 1001, Quincy, MA 02169 – the address set forth by the plaintiff in his pleadings.

Dated: November 11, 2004

**ROBERT L. GOSPER**

ROBERT L. GOSPER
1904 Rte. 96, Ste. 2
Phelps, N.Y. 14532
(315) 548-6200