UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| JON P. MORISEY, | **AFFIRMATION** |
| *Plaintiff*, | 04-CV-12173 |
| -against- | (RWZ) (JLA) |
| STACI H. RAGGI, JUDGE FREDERICK REED, ROBERT GOSPER, and ALEXANDRA BURKETT, | |
| *Defendants*. | |

---

Jeffrey P. Mans, an attorney admitted to practice in the State of Massachusetts and New York, affirms under penalty of perjury:

1. I am an Assistant Attorney General of counsel in this matter to Eliot Spitzer, Attorney General of the State of New York, attorney for state defendant Hon. Frederick G. Reed, Family Court Judge, Ontario County, New York.

2. I make this affirmation in opposition to plaintiff's motion for a default judgment, and in support of state defendant Judge Reed's cross-motion to dismiss pursuant to FRCP Rule 12(b)(6), and/or in the alternative for summary judgment pursuant to Rule 56(b), dismissing the complaint against him based upon failure to state a claim, lack of personal and subject matter jurisdiction, absolute judicial immunity, <u>Younger</u> abstention and/or the <u>Rooker-Feldman</u> doctrine. Finally, plaintiff's motion for a default judgment should be denied; in the alternative, should plaintiff's motion not be denied, defendant Judge Reed respectfully requests thirty (30) days to respond to the complaint.

3. Nowhere does plaintiff allege personal service pursuant to FRCP Rule 4© or (e), upon defendant Judge Reed, a person of suitable age and discretion, or an agent authorized by appointment or by law to receive service of process.

4. Plaintiff alleges that defendant Judge Reed was served with a copy of the summons and complaint in this action, together with waiver of service forms and notice of removal, by U.S.

Postal Service Express Mail with return receipt on October 25, 2004 (Plaintiff's Request for Default Judgment, verified December 22, 2004, ¶ 3 [hereinafter "Request for Default Judgment"]; unsworn and undated Affidavit of Service of John Courduvelis, ¶ 3-5 [hereinafter "Affidavit of Service"]). Further, plaintiff claims that the aforesaid service was signed for by "E. Lombardo" on October 26, 2004 (Request for Default Judgment, ¶ 4; Affidavit of Service, ¶ 3-5; Return Receipt).

     5.     Nowhere does plaintiff allege that "E. Lombardo" was authorized to accept service on behalf of defendant Judge Reed. Moreover, plaintiff fails to allege that it complies with FRCP Rule 4(d)(2), including "provid[ing] the defendant with... an extra copy of the notice and request, as well as a prepaid means of compliance in writing" (*see* FRCP Rule 4[d][2][G]). Further, while plaintiff does not provide a copy of the waiver of service form allegedly provided with said service, a copy of said waiver attached to the summons and complaint in this action (*see* Exhibit A), is defective in that it provides only 15 days in which to return the waiver, instead of a minimum of 30 days as required by FRCP Rule 4(d)(2)(F). Finally, plaintiff does not allege that defendant Judge Reed executed or returned any waiver of service; nor has he filed any such waiver.

     6.     As set forth in the accompanying Notice of Appearance, your affiant respectfully appears on behalf of defendant Judge Reed herein, and no waiver of service has been made on his behalf.

     7.     Likewise, plaintiff's attempted service by mail upon defendant Judge Reed in New York State does not comply with FRCP Rule 4(e)(1), since alternative service by mail in New York is authorized by New York Civil Practice Law and Rules §312-a, which requires service by first class mail, postage prepaid, including a copy of the summons and complaint together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) thereof (including a minimum notice of 30 days), with a return envelope, postage prepaid, addressed to the sender (McKinney's 2004, New York State Civil Practice Law and Rules § 312-a, hereinafter "CPLR"). Further, such service, if properly made, is not complete unless the acknowledgment of the statement of service by mail is executed and received by the sender (CPLR §312-a[b]). For the same reasons as noted above in paragraph 5, plaintiff's service by mail is

defective since it does not comply with New York State law for alternative service by mail pursuant to CPLR § 312-a.

8. Finally, plaintiff's attempted service by mail upon defendant Judge Reed in New York does not comply with FRCP Rule 4(e)(1), since alternative service by mail pursuant to Massachusetts state law, even when authorized pursuant to MRCP Rule 4(e) outside the Commonwealth of Massachusetts, is not authorized pursuant to MGL §3 since defendant Judge Reed lacks the necessary minimum contacts with Massachusetts as set forth in said statute, or as required for personal long-arm jurisdiction under the U.S. Constitution as set forth by the Supreme Court in International Shoe Co. v Washington, 326 US 310 (1945), and its progeny.

9. In support of defendant Judge Reed's cross-motion to dismiss pursuant to FRCP Rule 12(b)(6), and/or in the alternative for summary judgment pursuant to Rule 56(b), it is respectfully submitted that the complaint must be dismissed based upon failure to state a claim, lack of personal and subject matter jurisdiction, absolute judicial immunity, Younger abstention and/or the Rooker-Feldman doctrine.

10. In the instant action, plaintiff seeks, *inter alia*, removal of the proceedings presently pending in the Family Court of the State of New York, Ontario County, entitled Morisey v. Raggi (V-934-03/03A and V-935-03/03A), in which the plaintiff is a named party, based upon alleged federal question jurisdiction involving violations of the United States and New York State Constitution, as well as New York state and federal criminal and civil statutes (*see* Exhibit B: Complaint, Notice of Petition and Verified Petition for Warrant of Removal, 1st unnumbered paragraph, p. 1; ¶¶ 1, 2, 6-10, 12-18, verified October 9, 2004).

11. In connection with my defense of this action, your affirmant obtained certified copies of the underlying Family Court petitions, entitled Morisey v. Raggi (V-934-03 and V-935-03) and Raggi v Morisey (V-934-03/03A and V-935-03/03A), from the Ontario Family Court Clerk's Office, which are attached hereto as Exhibit C (personal information such as dates of birth and social security numbers have been deleted to protect the parties' privacy).

12. Initially, it should be noted that at the time petitioner commenced the underlying New York State Family Court proceeding, by verified petition sworn to on March 20, 2003, plaintiff was a resident of the State of New York (*see* Exhibit C, Morisey v Raggi, Verified Petition, V-934-03 and V-935-03, Petitioner Jon Morisey, Farmington, New York 14425, sworn to on March 20, 2003). Further, in the underlying proceeding entitled Raggi v Morisey (V-934-03/03A and V-935-03/03A), commenced by verified petition sworn to on April 2, 2003, plaintiff was still a resident of the State of New York (*see* Exhibit C, Raggi v Morisey, Verified Petition, V-934-03/03A and V-935-03/03A, Respondent Jon Morisey, Farmington, New York 14425, sworn to by Staci Raggi on April 2, 2003).

13. A review of the underlying petitions sought to be removed herein reveal: (a) Judge Reed is not a party to the underlying proceedings sought to be removed by plaintiff herein; (b) plaintiff was a resident of New York State at the time the underlying proceedings were commenced; © no federal question or claim is asserted in or raised by the underlying petitions; and, (d) approximately eighteen (18) months passed from the time the underlying proceedings were commenced in Family Court until plaintiff filed the complaint in the instant action (*see* Exhibits B and C).

14. Moreover, the allegations against defendant Judge Reed herein result solely from his actions as a Judge of the Family Court of the State of New York in the underlying Family Court proceedings sought to be removed by plaintiff herein (*see* Exhibit B, Complaint).

15. For the reasons set forth in defendant Judge Reed's accompanying memorandum of law, it is respectfully submitted that plaintiff's motion for a default judgment must be denied, and that defendant Judge Reed's cross-motion to dismiss and/or for summary judgment must be granted and the complaint dismissed based upon failure to state a claim, lack of personal and subject matter jurisdiction, absolute judicial immunity, Younger abstention and/or the Rooker-Feldman doctrine.

16. To the extent that the Court may deny defendant Judge Reed's cross-motion herein, it is respectfully requested that he be given thirty (30) days to respond to the allegations in the complaint and that plaintiff's motion for a default judgment be denied based thereon.

Dated: Albany, New York
January 3, 2005

           ELIOT SPITZER
           Attorney General of the State of New York
           Attorney for Defendant Judge Reed
           Office of the Attorney General
           The Capitol
           Albany, New York  12224

By:

    /S/
           Jeffrey P. Mans
           Assistant Attorney General
           BBO No. 649264
           Telephone: (518) 474-3602
           Jeffrey.Mans@oag.state.ny.us

To:    Jon P. Morisey
        Plaintiff *pro se*
        175 J Centre Street, Apt. 1001
        Quincy, Massachusetts  02169

        Staci Raggi
        6221 Buckskin Drive
        Farmington, New York  14425

        Alexandra Burkett, Esq.
        66 N. Main Street
        Canandaigua, New York  14424

        Robert Gosper, Esq.
        1904 Route 96, Suite No. 2
        Phelps, New York  14532