UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

JON P. MORISEY,

*Plaintiff*,                    04-CV-12173

-against-                                    (RWZ) (JLA)

STACI H. RAGGI, JUDGE FREDERICK REED, ROBERT
GOSPER, and ALEXANDRA BURKETT,

*Defendants*.

---

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT
## AND IN SUPPORT OF DEFENDANT JUDGE REED'S
## MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

ELIOT SPITZER
Attorney General of the State of New York
Attorney for State Defendant Judge Reed
Office of the Attorney General
The Capitol
Albany, New York  12224

Jeffrey P. Mans
Assistant Attorney General, of Counsel
Bar No. 649264
Telephone:  (518) 474-3602                    Date: January 3, 2005

## Table of Contents

**Preliminary Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT**

      **POINT I**     **PLAINTIFF HAS FAILED TO OBTAIN PERSONAL JURISDICTION OVER DEFENDANT JUDGE REED** . . . . . . . . . . 6

      **POINT II**    **THE COURT LACKS FEDERAL QUESTION, DIVERSITY AND SUPPLEMENTAL JURISDICTION TO REMOVE THE UNDERLYING STATE COURT PROCEEDINGS FROM NEW YORK STATE FAMILY COURT** . . . . . . . . . . . . . . 10

      **POINT III**   **PLAINTIFF'S CLAIMS ARE BARRED BY THE <u>ROOKER-FELDMAN</u> DOCTRINE AND <u>YOUNGER</u> ABSTENTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      **POINT IV**   **DEFENDANT JUDGE REED IS ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY FROM SUIT** . . . . . . . . . . . . . 17

    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Preliminary Statement**

Plaintiff commenced this action seeking to remove proceedings presently pending in the New York State Family Court, Ontario County, between himself and Staci Raggi.  At the time said proceedings were commenced, all parties were New York residents.  Although no federal question is raised in the underlying Family Court petitions, plaintiff nevertheless seeks removal of said proceedings more than eighteen months after they were commenced, based upon this Court's federal question jurisdiction.  Judge Frederick G. Reed is a Judge of said Family Court presiding over said underlying proceedings.  Although not a party to the underlying Family Court proceedings, plaintiff's complaint against defendant Judge Reed concerns acts allegedly performed by him in his official capacity as a Judge of the Family Court during the Family Court proceedings.

Plaintiff served defendant Judge Reed by mail and now moves for default judgment based upon his failure to answer the complaint.  As set forth more fully below, plaintiff's service on Judge Reed is defective under the Federal Rules of Civil Procedure and under both New York and Massachusetts state law, and his motion should be denied accordingly.

Further, defendant Judge Reed now cross-moves pursuant to dismiss the complaint against him pursuant to FRCP Rule 12(b)(6), and/or in the alternative for summary judgment pursuant to Rule 56(b), based upon failure to state a claim, lack of personal and subject matter jurisdiction, absolute judicial immunity, Younger abstention and/or the Rooker-Feldman doctrine.

Finally, to the extent that the Court may deny defendant Judge Reed's cross-motion herein, it is respectfully requested that he be given thirty (30) days to respond to the allegations in the complaint and that plaintiff's motion for a default judgment be denied based thereon.

## FACTS

In the instant action, plaintiff seeks, *inter alia*, removal of the proceedings presently pending in the Family Court of the State of New York, Ontario County, entitled <u>Morisey v. Raggi</u> (V-934-03/03A and V-935-03/03A), in which the plaintiff is a named party, based upon alleged federal question jurisdiction involving violations of the United States and New York State Constitution, as well as New York state and federal criminal and civil statutes (*see* <u>Mans Affirmation</u>, Exhibit B: Complaint, Notice of Petition and Verified Petition for Warrant of Removal, 1st unnumbered paragraph, p. 1; ¶¶ 1, 2, 6-10, 12-18, verified October 9, 2004).

Certified copies of the underlying Family Court petitions sought to be removed by plaintiff herein, entitled <u>Morisey v. Raggi</u> (V-934-03 and V-935-03) and <u>Raggi v Morisey</u> (V-934-03/03A and V-935-03/03A), from the Ontario Family Court Clerk's Office, reveal that at the time plaintiff commenced the underlying New York State Family Court proceeding, by verified petition sworn to on March 20, 2003, he was a resident of the State of New York (*see* <u>Mans Affirmation</u>, Exhibit C, <u>Morisey v Raggi</u>, Verified Petition, V-934-03 and V-935-03, Petitioner Jon Morisey, Farmington, New York 14425, sworn to on March 20, 2003). Further, in the underlying proceeding entitled <u>Raggi v Morisey</u> (V-934-03/03A and V-935-03/03A), commenced by verified petition sworn to on April 2, 2003, plaintiff was still a resident of the State of New York (*see* <u>Mans Affirmation</u>, Exhibit C, <u>Raggi v Morisey</u>, Verified Petition, V-934-03/03A and V-935-03/03A, Respondent Jon Morisey, Farmington, New York 14425, sworn to by Staci Raggi on April 2, 2003).

A review of the underlying petitions sought to be removed herein reveal that: (a) Judge Reed is not a party to the underlying proceedings sought to be removed by plaintiff herein; (b) plaintiff was a New York resident at the time the underlying proceedings were commenced; (c) no federal

question or claim is asserted in or raised by the underlying petitions; and, (d) approximately eighteen (18) months passed from the time the underlying proceedings were commenced in Family Court until plaintiff filed the complaint in the instant action (*see* Mans Affirmation, Exhibits B and C). Moreover, the allegations against defendant Judge Reed herein result solely from his actions as a Judge of the Family Court of the State of New York in the underlying Family Court proceedings sought to be removed by plaintiff herein (*see* Mans Affirmation, Exhibit B, Complaint).

As set forth below, it is respectfully submitted that defendant Reed's cross-motion to dismiss and/or for summary judgment must be granted and the complaint dismissed based upon failure to state a claim, lack of personal and subject matter jurisdiction, lack of federal question or diversity jurisdiction, absolutely judicial immunity, Younger abstention and/or the Rooker-Feldman doctrine.

With respect to plaintiff's instant motion for a default judgment based upon defendant Judge Reed's failure to answer the complaint, it is respectfully submitted that said motion must be denied based upon improper service and lack of personal long-arm jurisdiction, as noted below.

In his instant motion, nowhere does plaintiff allege personal service pursuant to FRCP Rule 4(c) or (e), upon defendant Judge Reed, a person of suitable age and discretion, or an agent authorized by appointment or by law to receive service of process.  Instead, plaintiff alleges that defendant Judge Reed was served with a copy of the summons and complaint in this action, together with waiver of service forms and notice of removal, by U.S. Postal Service Express Mail with return receipt on October 25, 2004 (Plaintiff's Request for Default Judgment, verified December 22, 2004, ¶ 3 [hereinafter "Request for Default Judgment"]; unsworn and undated Affidavit of Service of John Courduvelis, ¶ 3-5 [hereinafter "Affidavit of Service"]).  Further, plaintiff claims that the aforesaid service was signed for by "E. Lombardo" on October 26, 2004  (Request for Default Judgment, ¶ 4; Affidavit of Service, ¶ 3-5; Return Receipt).

3

Nowhere does plaintiff allege that "E. Lombardo" was authorized to accept service on behalf of defendant Judge Reed. Moreover, plaintiff fails to allege that it complies with FRCP Rule 4(d)(2), including "provid[ing] the defendant with... an extra copy of the notice and request, as well as a prepaid means of compliance in writing" (*see* FRCP Rule 4[d][2][G]). Further, while plaintiff does not provide a copy of the waiver of service form allegedly provided with said service, a copy of said waiver attached to the summons and complaint in this action (*see* Exhibit A), is defective in that it provides only 15 days in which to return the waiver, instead of a minimum of 30 days as required by FRCP Rule 4(d)(2)(F). Finally, plaintiff does not allege that defendant Judge Reed executed or returned any waiver of service; nor has any waiver of service been executed by Judge Reed, filed, or made on his behalf.

Likewise, plaintiff's attempted service by mail upon defendant Judge Reed in New York State does not comply with FRCP Rule 4(e)(1), since alternative service by mail in New York is authorized by New York Civil Practice Law and Rules §312-a, which requires service by first class mail, postage prepaid, including a copy of the summons and complaint together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) thereof (including a minimum notice of 30 days), with a return envelope, postage prepaid, addressed to the sender (McKinney's 2004, New York State Civil Practice Law and Rules § 312-a, hereinafter "CPLR"). Further, such service, if properly made, is not complete unless the acknowledgment of the statement of service by mail is executed and received by the sender (CPLR §312-a[b]). For the same reasons as noted above, plaintiff's service by mail is defective since it does not comply with New York State law for alternative service by mail pursuant to CPLR § 312-a.

Finally, plaintiff's attempted service by mail upon defendant Judge Reed in New York does not comply with FRCP Rule 4(e)(1), since alternative service by mail pursuant to Massachusetts state law, even when authorized pursuant to MRCP Rule 4(e) outside the Commonwealth of Massachusetts, is not authorized pursuant to MGL §3 since defendant Judge Reed lacks the necessary minimum contacts with Massachusetts as set forth in said statute, or as required for personal long-arm jurisdiction under the U.S. Constitution as set forth by the Supreme Court in International Shoe Co. v Washington, 326 US 310 (1945), and its progeny.

Accordingly, it is respectfully submitted that personal jurisdiction has not been obtained over defendant Judge Reed pursuant to state or federal statutory or constitutional law, and the motion must be denied.  However, should the Court deny defendant Judge Reed's cross-motion herein, it is respectfully requested that he be given thirty (30) days to respond to the allegations in the complaint and that plaintiff's motion for a default judgment be denied based thereon

## ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO OBTAIN PERSONAL JURISDICTION OVER DEFENDANT JUDGE REED

Plaintiff's attempted service by mail upon defendant Judge Reed in New York is defective under both federal and state statute. Accordingly, plaintiff is not entitled to a default judgment based upon defendant Judge Reed's failure to answer the complaint.

In his instant motion, nowhere does plaintiff allege personal service upon defendant Judge Reed pursuant to FRCP Rule 4(c) or (e). Instead, plaintiff alleges that defendant Judge Reed was served with a copy of the summons and complaint in this action, together with waiver of service forms and notice of removal, by U.S. Postal Service Express Mail with return receipt on October 25, 2004 (Plaintiff's Request for Default Judgment, verified December 22, 2004, ¶ 3 [hereinafter "Request for Default Judgment"]; unsworn and undated Affidavit of Service of John Courduvelis, ¶ 3-5 [hereinafter "Affidavit of Service"]). Further, plaintiff claims that the aforesaid service was signed for by "E. Lombardo" on October 26, 2004 (Request for Default Judgment, ¶ 4; Affidavit of Service, ¶ 3-5; Return Receipt).

Nowhere does plaintiff allege that "E. Lombardo" was authorized to accept service on behalf of defendant Judge Reed. Moreover, plaintiff fails to allege that it complies with FRCP Rule 4(d)(2), including "provid[ing] the defendant with... an extra copy of the notice and request, as well as a prepaid means of compliance in writing" (*see* FRCP Rule 4[d][2][G]). Further, while plaintiff does not provide a copy of the waiver of service form allegedly provided with said service, a copy of said waiver attached to the summons and complaint in this action (*see* Mans Affirmation, Exhibit A), is

6

defective in that it provides only 15 days in which to return the waiver, instead of a minimum of 30 days as required by FRCP Rule 4(d)(2)(F). Finally, plaintiff does not allege that defendant Judge Reed executed or returned any waiver of service; nor has any waiver of service been executed by Judge Reed, filed, or made on his behalf.

Likewise, plaintiff's attempted service by mail upon defendant Judge Reed in New York State does not comply with FRCP Rule 4(e)(1), since alternative service by mail in New York is authorized by New York Civil Practice Law and Rules §312-a, which requires service by first class mail, postage prepaid, including a copy of the summons and complaint together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) thereof (including a minimum notice of 30 days), with a return envelope, postage prepaid, addressed to the sender (McKinney's 2004, New York State Civil Practice Law and Rules § 312-a, hereinafter "CPLR"). Further, such service, if properly made, is not complete unless the acknowledgment of the statement of service by mail is executed and received by the sender (CPLR §312-a[b]). For the same reasons as noted above, plaintiff's service by mail is defective since it does not comply with New York State law for alternative service by mail pursuant to CPLR § 312-a.

Finally, plaintiff's attempted service by mail upon defendant Judge Reed in New York does not comply with FRCP Rule 4(e)(1), since alternative service by mail pursuant to Massachusetts state law, even when authorized pursuant to MRCP Rule 4(e) outside the Commonwealth of Massachusetts, is not authorized pursuant to MGL §3 since defendant Judge Reed lacks the necessary minimum contacts with Massachusetts as set forth in said statute, or as required for personal long-arm jurisdiction under the U.S. Constitution as set forth by the Supreme Court in International Shoe Co. v Washington, 326 US 310 (1945), and its progeny.

Plaintiff bears the burden of establishing sufficient facts upon which to predicate personal jurisdiction over defendant under the long-arm statute (Cunningham v Ardrox, Inc., 40 Mass App 279, 663 NE2d 577 [1996]; Hood v American M.A.N. Corp., 20 Mass App 937, 479 NE2d 717 [1985]).  To establish personal jurisdiction for purposes of the long-arm statute, plaintiff must go beyond the pleadings and make affirmative proof (Chlebda v H. E. Fortna & Bro., Inc., 609 F2d 1022 [1st Cir. 1979]).

A claim of personal jurisdiction over a nonresident defendant is permissible only when: (1) the assertion of jurisdiction authorized by statute; and, (2) if authorized, the exercise of jurisdiction under state law is consistent with basic due process requirements mandated by United States Constitution (Good Hope Industries, Inc. v Ryder Scott Co., 378 Mass 1, 389 NE2d 76 [1979]). Simply put, none of the requirements are met for personal jurisdiction over defendant Judge Reed in Massachusetts pursuant to MGL § 3.  Further, extraterritorial service in the form of a signed mail receipt does not confer jurisdiction on a Massachusetts court where nothing in defendant's conduct made him amenable to service under Massachusetts long arm statute (*see, e.g.* Roy v Roy, 47 Mass App 921, 715 NE2d 70 [1999]).

Moreover, irrespective of any statutory authority, "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations'" (Ureneck v Yingnong, 2002 Mass. App. Div. 141 [2002], *citing* International Shoe Co. v Washington, 326 US 310, 319 [1945]).  To satisfy constitutional requirements, both "minimum contacts" and "reasonableness" must be satisfied. "Minimum contacts ... can be seen to perform two related, but distinguishable, functions. It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to

8

ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system" (Sonesta International Hotels Corp. v C. Fla. Inv., Inc., 47 Mass. App. Ct. 154, 162, 712 N.E.2d 607 [1999]). "As to 'reasonableness,' the burden is on the defendant to show the assertion of jurisdiction against it would be unreasonable (citing Burger King Corp., 471 US at 477), and the showing would have to take in not only the factor of the defendant's convenience, but also the interests of the plaintiff and the public (citing World-Wide Volkswagen, 444 US at 292)" (Sonesta International Hotels Corp, supra at 162). "In practical terms, this means that an assertion of jurisdiction must be tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiff's chosen forum, the forum State's interest in adjudicating the dispute, and the plaintiff's interest in obtaining relief" (Tatro v Manor Care, Inc., 416 Mass. 763, 773, 625 N.E.2d 549 [1994]). It is respectfully submitted that defendant Judge Reed, acting in his official capacity as a Family Court Judge of the State of New York, not only lacks the constitutionally necessary minimum contacts in Massachusetts, but cannot reasonably be expected to defend his actions in another state's forum; nor would the judiciary long be able to function were its judges required to defend themselves in foreign state forums.

Accordingly, it is respectfully submitted that personal jurisdiction has not been obtained over defendant Judge Reed pursuant to state or federal statutory or constitutional law, and the motion must be denied.

**POINT II**

**THE COURT LACKS FEDERAL QUESTION, DIVERSITY
AND SUPPLEMENTAL JURISDICTION TO REMOVE THE
UNDERLYING STATE COURT PROCEEDINGS
FROM NEW YORK STATE FAMILY COURT**

Plaintiff seeks removal of the underlying New York State Family Court proceedings based upon his allegations of a federal question pursuant to 28 USC §§ 1331, 1367, 1441(b), 1441 (c), 1441(e), 1443(1), 1443(2), and 1446  (Complaint, ¶ 1, Jurisdiction).  However, as set forth below, the Court lacks jurisdiction to remove the underlying New York State Family Court proceedings since: (1) said proceedings do raise a federal question; (2) there was no diversity at the time the underlying proceedings were commenced; (3) plaintiff cannot seek removal of proceedings that he commenced; and, (4) as a defendant, plaintiff failed to timely seek removal within thirty (30) days as provided by statute.

While a district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States (28 USC §1331), the court lacks diversity jurisdiction over defendant Judge Reed pursuant to 28 USC §1332(a)(1), since at the time the underlying Family Court proceedings were commenced, the plaintiff herein was also a citizen of New York (*see* Mans Affirmation, Exhibit C, Morisey v Raggi, Verified Petition, V-934-03 and V-935-03, Petitioner Jon Morisey, Farmington, New York 14425, sworn to on March 20, 2003; Raggi v Morisey, Verified Petition, V-934-03/03A and V-935-03/03A, Respondent Jon Morisey, Farmington, New York 14425, sworn to by Staci Raggi on April 2, 2003).  When a court takes jurisdiction of a suit already pending, the requisite diversity citizenship must have existed at the time of the underlying state court proceedings were commenced  (Koenigsberger v Richmond Silver Mining Co., 158 US 41, 49-50 [1895]).

10

Moreover, in addition to the diversity requirement, removal is appropriate pursuant to 28 USC §§ 1441, 1443, and 1446, only when sought by a defendant who files a notice of removal within thirty (30) days after the receipt by defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based (28 USC §1446[b]). Finally, a plain reading of the underlying Family Court petitions clearly demonstrates the complete absence of any federal question (*see* <u>Mans Affirmation</u>, Exhibit C).

In deciding whether a case presents a federal claim for removal purposes, a court must inquire whether the plaintiff's claim to relief rests upon a federal right based only on the plaintiff's "well-pleaded" complaint (<u>Aetna Health, Inc. v Davila</u>, 124 S.Ct 2488 [2004]; <u>Beneficial National Bank v Anderson</u>, 539 US 1 [2003]; <u>Hernandez-Agosto v Romero-Barcelo</u>, 748 F2d 1, 2 [1st Cir. 1984]). Here, the state court petitions allege only causes of action under state law. On its face, then, the petitions present no federal question.

In <u>Healy v Ratta</u>, 292 US 263, 270 (1934), the Supreme Court explained that "due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined," and in <u>Shamrock Oil & Gas Corp. v Sheets</u>, 313 US 100 (1941), the Supreme Court insisted on a "strict construction" of the federal removal statutes.

Moreover, as a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim (<u>Cochran v Montgomery County</u>, 199 US 260 [1905]). Likewise, removal to federal court on the grounds of possible prejudice and local influence is not proper absent an independent basis for jurisdiction in the federal court, such as diversity jurisdiction (<u>Danca v Private Health Care Systems, Inc.</u>, 185 F3d 1 [1st Cir. 1999]).

11

Nevertheless, within thirty (30) days of receipt of proper service of the complaint and summons, a defendant may remove an action from the state court in which it was filed to the appropriate federal district court, provided that the defendant can show some basis for federal jurisdiction (*see* Murphy Bros., Inc. v Michetti Pipe Stringing, Inc., 526 US 344 [1999]; 28 USC §§ 1441[a] and 1446[a], [b]).  Untimeliness is also a ground for remand (Northern Illinois Gas Co. v Airco Indus. Gases, 676 F2d 270, 273 [7[th] Cir. 1982]).  The removal statute does not in itself create jurisdiction.  Indeed, removal statutes are strictly construed (Shamrock Oil & Gas Corp., *supra* at 108-09), and defendant has the burden of showing the federal court's jurisdiction by presenting a colorable claim (BIW Deceived v Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F3d 824, 831 [1st Cir. 1997]).

Finally, there exists a clearly established domestic relations exception that bars the federal court from exercising diversity jurisdiction in matters such as those presented herein (Ankenbrandt v Richards, 504 US 689, 693-704 [1992]; Johnson v Rodrigues, 226 F.3d 1103, 1111-12 [10th Cir. 2000] [finding that the domestic relations exception "plainly bars" the federal court from accepting diversity jurisdiction]; State of Maine v Marcello, 2001 U.S. Dist. LEXIS 15545 [DC ME 2001] [copy attached], *affd* 31 Fed. Appx. 3, 2002 U.S. App. LEXIS 4399 [1[st] Cir. 2002]).  Given the lack of original jurisdiction, as noted above, and the predominate state law claims herein, it is respectfully submitted that supplemental jurisdiction is lacking and would be inappropriate in any event pursuant to 28 USC §1367.

**POINT III**

**PLAINTIFF'S CLAIMS ARE BARRED BY THE
ROOKER-FELDMAN DOCTRINE AND YOUNGER ABSTENTION**

As the Supreme Court emphasized in Younger v Harris, 401 US 37, 43-45 (1971), federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings. This principle of abstention is grounded in interrelated principles of comity and federalism (*see* Schlagler v Phillips, 166 F.3d 439, 442 [2d Cir. 1999]). Both considerations require federal courts to be cognizant that "the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways" (Younger, *supra* at 44). Younger generally prohibits courts from "taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings" so as to avoid unnecessary friction (Diamond "D" Constr. Corp. v McGowan, 282 F.3d 191, 198 [2d Cir. 2002]). Giving states "the first opportunity . . . to correct their own mistakes" when there is an ongoing state proceeding serves the vital purpose of "reaffirming the competence of the state courts," and acknowledging the dignity of states as co-equal sovereigns in our federal system (*Id*. at 200).

Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims (*see* Johnson v Bd. Of Bar Overseers, 324 F.Supp 276 [D Ma 2004]; Middlesex County Ethics Comm. v Garden State Bar Assn., 457 US 619 [1982] [Younger applies if adequate opportunity to present federal claims).

In this case, it is respectfully submitted that the requirements for Younger abstention are satisfied. Plaintiff complaint alleges the pendency of the state court proceedings. Secondly, the

13

State of New York has a vital state interest in matters involving the custody, visitation and support of children within its borders as well as the state's interest in regulating its own judicial system (*see* domestic relations exception noted above in Point II, barring the federal court from exercising diversity jurisdiction, *citing* Ankenbrandt v Richards, 504 US 689, 693-704 [1992]; Johnson v Rodrigues, 226 F.3d 1103, 1111-12 [10th Cir. 2000]; *see also* Landmark Communications, Inc. v Virginia, 435 US 829, 848 [1978] [Stewart, J., concurring in the judgment] [emphasizing that "there could hardly be a higher governmental interest than a State's interest in the quality of its judiciary"]; Pincham v Ill. Judicial Inquiry Bd., 872 F2d 1341, 1347 [7th Cir.] [recognizing that the state has a vital interest in "preserving a fair and impartial judiciary"], *cert. den*. 493 US 975 [1989]); Anonymous v Ass'n of the Bar of the City of New York, 515 F2d 427, 430 [2d Cir.] [noting that "it would appear axiomatic that the effective functioning of any court depends upon its ability to command respect not only from those licensed to practice before it but also from the public at large"], *cert. den*. 423 US 863 [1975]).  Finally, the state proceeding affords plaintiff an adequate opportunity for judicial review of his federal claims.  Initially, plaintiff can raise these issues before the Family Court (*see* NY Constitution, Art 6, §1[a], [b]; New York State Family Court Act §113, 115, 447, 467, 651; New York State Domestic Relations Law §§ 247, 240 [Family Court is established in every county in the state as a court of record and part of the state unified court system, exercising jurisdiction over custody, support and visitation proceedings]), and seek appellate review as a matter of right pursuant to New York State Family Court Act §§ 1111 and 1112.  Furthermore, pursuant to New York State Civil Practice Law and Rule §7801, *et seq*. (Article 78 proceeding), plaintiff enjoys the opportunity to present his constitutional claims independently and seek review by a writ of prohibition to enjoin or restrain such alleged unlawful conduct.  Moreover, no claim is

14

made by plaintiff that he has in fact availed himself to any state provided remedy with respect to his claims herein, and his claims should be dismissed for failure to exhaust.  Finally, given plaintiff's allegations of state and federal criminal conduct, such misconduct may only be prosecuted in the state by the District Attorney, or in the District Court by the U.S. Attorney where the alleged crime occurred.

The New York State Constitution establishes the office of District Attorney (*see* NY Const, Art. XIII, §13).  In New York State, a District Attorney is the chief law enforcement officer of his or her county and is charged with the exclusive obligation and authority to determine when and in what manner a suspect is to be prosecuted (Cantwell v Ryan, 309 AD2d 1042 [3[rd] Dept. 2003], *affd* 3 N.Y.3d 626 [2004], *citing* County Law § 700 [1]).  In that regard, it is firmly established that a district attorney enjoys unfettered discretion to determine whether to prosecute a particular suspect, and the courts may not and should not interfere with that discretion  (*see e.g.* People v Eboli, 34 N.Y.2d 281 [1974]; Nieblas v Kings County Dist. Attorney, 209 AD2d 703 [1994]; Matter of Wilcox v Kahn, 102 A.D.2d 359 [1984]).  Similarly, the prosecution of alleged violations of federal criminal laws rests with the U.S. Attorney in the district wherein the alleged criminal act occurred, to wit: United States District Court, Western District of New York, which includes Ontario County (*see* 18 USC § 3232, *citing* FRCP Rule 18, requiring prosecution to be held in district in which the offense was committed).

Moreover, in addition to criminal prosecution, pursuant to New York State Judiciary Law §44, the State Commission on Judicial Conduct is authorized to investigate allegations of misconduct, conduct hearings, and upon a finding of misconduct, admonish, censure, suspend or removed or retired from office, and refer to an appropriate district attorney's office or other prosecuting agency as may be deemed proper or necessary.

15

In sum, it is respectfully submitted that this action should not be entertained by this Court based upon _Younger_ abstention.

To the extent that plaintiff may claim that this court should entertain any underlying Family Court proceeding which has been terminated, it is respectfully submitted that such claims are barred by the _Rooker-Feldman_ doctrine, which holds that as a general rule, federal courts do not have subject matter jurisdiction over cases attempting to review prior state court judgements (*see* _Rooker v Fidelity Trust Co._, 263 US 413 [1923], and _District of Columbia Court of Appeals v Feldman_, 460 US 462 [1983]; *see also* _Duboys v Bomba_, 199 F.Supp.2d 166 [SDNY 2002], *affd* 62 Fed. Appx. 404 [2d Cir. 2003], *cert den*. 160 L.Ed.2d 67 [2004]).  In _Feldman_, the U.S. Supreme Court held that "to the extent that the plaintiff's claims were 'inextricably intertwined' with the state court's determination, the federal district court did not have jurisdiction"  (_Feldman_, 460 US at 482-84). Federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature  (_Genter v Shulman_, 55 F3d 87, 89 [2d Cir. 1995]).

Finally, to the extent that plaintiff failed to appear at the ongoing underlying state court proceedings, he foreclosed his opportunity for consideration therein and abandoned his claims (see _Hampton v Commonwealth of Massachusetts_, 2000 U.S. App. LEXIS 23913 [1st Cir. 2000] [attached]).

In sum, under either the _Rooker-Feldman_ or the _Younger_ abstention doctrines, the complaint should be dismissed for lack of jurisdiction.

16

**POINT IV**

**DEFENDANT JUDGE REED IS ENTITLED TO
ABSOLUTE JUDICIAL IMMUNITY FROM SUIT**

On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" (Conley v Gibson, 355 US 41, 45-46 [1957]). However, a court reviewing a Rule 12(b)(6) motion may consider matters presented outside the pleading and treat such motion as one for summary judgment pursuant to Rule 56 (FRCP Rule 12[b]). Accordingly, plaintiff is provided notice that defendant Judge Reed seeks summary judgment herein as alternative relief.

Judges are entitled to absolute immunity from individual liability for monetary relief for actions performed in their judicial capacity. This well-established doctrine of judicial immunity applies to all "judicial acts," except those made in "the clear absence of all jurisdiction" (Stump v Sparkman, 435 US 358, 356-357 [1978]). The Supreme Court in Stump broadly construed such jurisdiction to include any matter under the jurisdiction of the court itself, as follows:

> A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend (Id. at 356, *citing* Bradley v Fisher, 13 Wall 335, 351-352 [1872]).

As stated in Bradley, and cited in Stump, the Supreme Court extends absolute judicial immunity to all matters in which jurisdiction over the subject matter is invested in the judge or in the court itself.

17

In the instant matter, there can be no dispute that the allegations against defendant Judge Reed stem from his actions related to the Family Court proceedings sought to be removed by the plaintiff herein.

The Supreme Court recently reaffirmed the vitality of the immunity doctrine in <u>Mireles v Waco</u>, 502 US 9 (1991).  There, the Court reversed a Circuit Court decision denying immunity to a judge who had allegedly ordered an attorney brought to his courtroom by means of excessive force. Because the immunity defense was raised in a motion to dismiss, the Court took as true the plaintiff's allegations that, pursuant to the judge's authorization, court officers seized the plaintiff by means of violent and unreasonable force, cursed him, and slammed him through the courtroom doors (112 S Ct at 287).  In ruling that the defendant judge was protected by absolute immunity, the Court noted that,

> [a]lthough unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself' (*Id., quoting,* <u>Bradley v Fisher</u>, 13 Wall. 335, 347 [1872]).

Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages (<u>Mitchell v Forsyth</u>, 472 US 511, 526 [1985]).  Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial (<u>Pierson v Ray</u>, 386 US at 554 ["Immunity applies even when the judge is accused of acting maliciously and corruptly"]). (*See also* <u>Harlow v Fitzgerald</u>, 457 US 800, 815-819 [1982] [allegations of malice are insufficient to overcome qualified immunity]).

18

In ruling upon the difficult decisions within the subject matter jurisdiction of the Family Court, Family Court Judges must be afforded the same absolute judicial immunity as all other judges. According to a New York State Appellate Court, "where the Family Court Judge engages in a judicial function... he should be entitled to the protection of the common-law rule of absolute immunity... To conclude otherwise would subject the Family Court Judge to the harassment and intimidation that give rise to the need for the common-law rule" (Lombardoni v Boccaccio, 121 AD2d 828 [3d Dept. 1986]).

Accordingly, it is respectfully submitted as a matter of law that defendant Judge Reed is entitled to absolute judicial immunity and the complaint should be dismissed against him in its entirety.

## CONCLUSION

The complaint against defendant Judge Reed must be dismissed pursuant to FRCP Rule 12(b)(6), and/or in the alternative for summary judgment pursuant to Rule 56(b), based upon failure to state a claim, lack of personal and subject matter jurisdiction, absolute judicial immunity, Younger abstention and/or the Rooker-Feldman doctrine. Finally, plaintiff's motion for a default judgment should be denied; in the alternative, should plaintiff's motion not be denied, defendant Judge Reed respectfully requests thirty (30)days to respond to the complaint.

19

Dated: Albany, New York
January 3, 2005

ELIOT SPITZER
Attorney General of the State of New York
Attorney for Defendant Judge Reed
Office of the Attorney General
The Capitol
Albany, New York  12224


  /S/
Jeffrey P. Mans
Assistant Attorney General, of Counsel
BBO No. 649264
Telephone: (518) 474-3602
Jeffrey.Mans@oag.state.ny.us

To:    Jon P. Morisey
Plaintiff *pro se*
175 J Centre Street, Apt. 1001
Quincy, Massachusetts  02169

Staci Raggi
6221 Buckskin Drive
Farmington, New York  14425

Alexandra Burkett, Esq.
66 N. Main Street
Canandaigua, New York  14424

Robert Gosper, Esq.
1904 Route 96, Suite No. 2
Phelps, New York  14532