2001 U.S. Dist. LEXIS 15545, *

LEXSEE 2001 US DIST LEXIS 15545

STATE OF MAINE, DEPARTMENT OF HUMAN SERVICES, Plaintiffs v. MR. JAMES & OLIVIA MARCELLO The Natural Parents of Baby Olivia Ann Marcello, Defendant

Civil No. 01-190-B-S

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE

2001 U.S. Dist. LEXIS 15545

September 28, 2001, Decided

**DISPOSITION:** [*1] Recommended that this Marcello's "petition for removal" and the accompanying motions DENIED.

**LexisNexis(R) Headnotes**

**COUNSEL:** JAMES MARCELLO, defendant, Pro se, STETSON, ME.

OLIVIA MARCELLO, defendant, Pro se, STETSON, ME.

**JUDGES:** Margaret J. Kravchuk, U.S. Magistrate Judge.

**OPINIONBY:** Margaret J. Kravchuk

**OPINION:**

### RECOMMENDED DECISION

Plaintiffs James and Olivia Marcello filed what they deem a "petition for removal" (Docket No. 1) and a motion for new trial (Docket No. 3) in a child protective proceeding that began on December 23, 1997, and resulted in the Maine District Court Order terminating plaintiffs' parental rights on July 27, 1999. In addition, plaintiffs filed a motion for joinder of necessary parties (Docket No. 2) and a motion to proceed *in forma pauperis* (Docket No. 4). I will **GRANT** the motion to proceed *in forma pauperis*. I now recommend that the court **DENY** Marcello's "petition for removal" and the accompanying motions.

### Procedural History

On December 23, 1997, the Maine Department of Human Services (DHS) was granted temporary custody of plaintiffs' newborn baby pursuant to an Order of Preliminary Child Protection by the Maine District Court, District Three, Newport, Maine. [*2] When the District Court later conditionally awarded custody of the child to plaintiffs on February 12, 1998, DHS filed a Petition for a Child Protective Order in the Maine District Court. In a Child Protective Order issued June 8, 1998, the District Court placed the child back in the custody of DHS. On July 27, 1999, after DHS initiated proceedings, the Maine District Court ordered termination of plaintiffs' parental rights. (D. Ct. NEW-PC-97-20). Plaintiffs took a timely appeal, but the Maine Law Court on April 18, 2000, affirmed the District Court's Order terminating plaintiffs' parental rights. In Re Olivia M., No. PEN-99-478 (April 18, 2000). In February 2001, when the Marcellos learned that the Maine Probate Court completed adoption proceedings for their child, they initiated an action to nullify the adoption proceeding and received a scheduled hearing date for late August 2001. During the interim between their February action and their August hearing, plaintiffs filed five lawsuits in an effort to obtain this court's jurisdiction over their legal initiative to reinstate their parental rights. Plaintiffs have filed numerous pleadings in this court and in other courts and have [*3] made several unsuccessful attempts to appeal the state court's decisions to the United States Supreme Court.

This court now has before it four recently filed pleadings, initiated in this court, that relate to the DHS December 23, 1997, petition for child protection order and the Maine District Court's July 27, 1999, Order terminating plaintiffs' parental rights. Plaintiffs request removal to this court (Docket No. 1), a new trial (Docket No. 3), joinder of necessary parties (Docket No. 2), and permission to proceed *in forma pauperis* (Docket No. 4).

### Discussion

What the plaintiffs actually seek here is a removal of concluded state court proceedings and a new trial on

2001 U.S. Dist. LEXIS 15545, *

asserted errors and abuses previously litigated and resolved in the state courts. Their request fails for three main reasons.

First, the procedure for removal of a state court civil action to the federal district court begins with the filing of a notice of removal that contains a short plain statement of the grounds for removal and a copy of any process, pleading, or related orders. *28 U.S.C. § 1446*(a). What plaintiffs deem a "petition for removal" misses the mark for various reasons, **[*4]** primarily because the proceedings sought to be removed have been concluded and therefore there is no pending action subject to removal. 28 U.C.S. § 1446(b) (providing the opportunity for removal if notice for removal is filed within thirty days of defendant's receipt of the initial pleading).

Second, this court lacks jurisdiction to entertain plaintiffs' "petition for removal" and motion for new trial. In reviewing plaintiffs' claims in support of their motions, it is clear that there is no basis for this court to find a new federal claim or citizen diversity jurisdiction. Further, there has been a longstanding "domestic relations exception" that bars the federal court from exercising diversity jurisdiction in matters such as these. *Ankenbrandt v. Richards, 504 U.S. 689, 693-704, 119 L. Ed. 2d 468, 112 S. Ct. 2206 (1992);* see also *Johnson v. Rodrigues, 226 F.3d 1103, 1111-12 (10th Cir. 2000)* (finding that the domestic relations exception "plainly bars" the federal court from accepting diversity jurisdiction).

Third, plaintiffs are using their petition for removal and their motion for a new trial as vehicles to obtain the relief they actually seek: **[*5]** a federal court determination reinstating their parental rights that were terminated in state court proceedings. This court has previously told plaintiffs that it has no jurisdiction to provide this relief. See, e.g., Marcello v. Adopted Parents, Civ. No. 01-145-B-S; Marcello v. Maine Department of Human Services, Civ. No. 01-115-B-S (affirming Magistrate Judge's June 26, 2001, recommendation to dismiss Marcello's complaint because the court lacks jurisdiction to invalidate the Law Court's decision).

It is settled law that federal district courts have limited authority to review final state court decisions. In *Rooker v. Fidelity Trust Co., 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923),* the United States Supreme Court clarified that only the Supreme Court has the authority to entertain a proceeding to reverse or modify a state court judgment. See *263 U.S. at 416;* see also *28 U.S.C. § 1257*(a) (granting only the United States Supreme Court with the power to review final judgments rendered by high courts of a state). The Supreme Court in *D.C. Ct. App. v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983)* **[*6]** further concluded that United States District Courts lack jurisdiction to review issues that are "inextricably intertwined" with the issues previously decided in a state court proceeding. See *460 U.S. at 486.* The two principles have merged to become the Rooker-Feldman doctrine which stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state courts' decisions.

In asking this Court to bring the concluded state action to the federal district court either by removal or by granting a new trial plaintiffs in essence seek to undo the consequences of the state court judgment. A ruling in favor of plaintiffs' actions here would be impossible without simultaneously finding that the state court erred in its decision on plaintiffs' parental rights. *Wilson v. Shumway, 2000 DNH 109, 2000 WL 1499469, *2 (D.N.H. 2000), aff'd, 264 F.3d 120, 2001 U.S. App. LEXIS 19973, 2001 WL 1499469, *4 (1st Cir. 2001).* Under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction over plaintiffs' action because plaintiffs' allegations of errors **[*7]** and abuses are "inextricably intertwined" with the issues resolved in the state court proceedings. Thus, the Rooker-Feldman doctrine bars this court from determining plaintiffs' "petition to remove" and motion for new trial. *Wilson v. Shumway, 264 F.3d 120, 2001 U.S. App. LEXIS 19973, 2001 WL 1499469, *4 (1st Cir. 2001).*

**Conclusion**

Accordingly, I recommend that this court **DENY** the "petition for removal," the motion for joinder and the motion for a new trial because this court lacks jurisdiction to undo the consequences of a state court judgment in circumstances such as are presented here.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to *28 U.S.C. § 636*(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district **[*8]** court and to appeal the district court's order.

Margaret J. Kravchuk

U.S. Magistrate Judge

Page 3

2001 U.S. Dist. LEXIS 15545, *

Dated September 28, 2001