FILED
IN CLERKS OFFICE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS 16  P 3: 19
BOSTON DIVISION**

U.S. DISTRICT COURT
DISTRICT OF MASS

Cause No:_____04-12173RWZ_____

| | |
|---|---|
| Jon P Morisey, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Staci H Raggi, | ) |
| Respondent, | ) |
| | ) |

## Request for Evidentiary Hearing

Comes now the Petitioner, JON P MORISEY, presenting a "Request for Evidentiary Hearing".

1. The Plaintiff requests an evidentiary hearing where evidence of the bias and Federal civil rights violation be considered pursuant to FCPR 55b-(2).  *...If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.*

2. The Plaintiff will show evidence of proper service with respect to US Civil and applicable state requirements.

1

3. The Plaintiff will show evidence of legal precedent in support of the cause and rebut the defense claims with precedent.

4. The Plaintiff will show a systemic pattern of bias in New York State, with respect to divorced men and settlements.

5. The Plaintiff will show a pattern of specific abuse stemming from a false Child Protective services report, which was later overturned.

6. The Plaintiff will show that he was threatened off the record, but in the Court, by Judge Reed. This criminal act committed in the Court is the epitome of bias. The conduct that constitutes the pattern of bias will be presented at the evidentiary hearing, as the volume of evidence is too great to present in a single motion restricted to 30 pages.

7. The Plaintiff will show that these threatening comments lead to the loss of assigned counsel by the Plaintiff due to the withdraw of the representation, which was approved by Judge Reed.

8. The Plaintiff will show that Ms Raggi acted to end the Plaintiff's relationship with our children through a pattern of mental abuse and alienating actions in a manner detrimental to the children.

9. The Plaintiff will show that Ms Raggi engaged in a pattern of visitation violation to which the New York State has turned a blind eye. I have only had my daughter overnight one time since September 2004; indicating at least 10 violation which can not be fairly heard in addition to the violation which were already heard in a biased fashion.

10. The Plaintiff will show that Ms Raggi intentionally scheduled family vacations during holidays allocated to the Plaintiff in the divorce decree; these clauses have gone un-enforced in New York.

11.  The Plaintiff will show that Ms Raggi perjured herself in New York Court.

12.  The Plaintiff will show that Ms Raggi coerced my daughter into writing me a scathing letter with the intention of presenting this letter to the Court.  The language shows Ms Raggi's influence along with the fact that she presented a copy of this letter with the note, "Given to Jon by Rianne" in the upper right margin to the Law Guardian at their first meeting.  When I met with the Law Guardian next, I predicted to him that he would receive such a letter as I taught my daughter to use my home copier, at her request, the very same weekend she gave me this letter.

13.  The Plaintiff will show Ms Raggi made a harassing 911 call sending New York State Troopers to my house during a lawful visitation period when she tried to sneak my daughter out of the house without my knowledge and without warning.  Once asked to leave, Ms Raggi phoned the police.

14.  The Plaintiff will show that Ms Raggi intentionally withheld the children's Concerta ADHD medicine from the children during their weekend visits for the better part of a year, reducing the quality of the visits due to hyperactive behavior of both children.  After denying them the medicine during the holiday between Christmas and New Year they spent in Quincy, MA at my home; Ms Raggi reported that Patrick was experiencing "anxiety" to Dr Tuite.

15.  The Plaintiff will show that Ms Burkett advised her client to deny weekend visitation before a lawful New York State order was delivered granting such schedule revisions.

16.  The Plaintiff will show that Ms Burkett mis-addressed correspondence to my self while acting Pro Se.  That caused a Family Court order to be signed to which I had no opportunity to appeal, rebut, or edit.

17.   The Plaintiff will show a reoccurring pattern of bias and malicious behavior on the part of the defendants.

18.   The Plaintiff will show a pattern of evidence exclusion by Judge Reed which intentionally made a successful case impossible.

19.   The Plaintiff will show damages.


## Summary and Prayer

Comes now the Plaintiff, JON P MORISEY, asking for relief based on the summary and prayer provided below.

1.   WHEREFORE the Plaintiff has been denied the right to gather and present evidence has occurred in an ongoing case, evidence of these abuses will be presented and weighed at an evidentiary hearing pursuant to FCPR 55b-(2), scheduled at the convenience of the Court.

2.   WHEREFORE the Plaintiff demonstrates a sufficient evidentiary burden, a default judgment will be considered against Judge Reed as relief at the discretion of the Court.

3.   WHEREFORE the Honorable Rya Zobel finds sufficient evidence of Federal violations the following relief will be sought:

4.   WHEREFORE the transcripts of the New York State Family Court system should be made available to the Federal Court for review, at the Judge's discretion, which would serve to corroborate the claims listed in this request. The dates and docket numbers of these sessions will be provided at the evidentiary hearing.

5.   WHEREFORE the New York Family Court case will be referred to a US District Court Judge within the jurisdiction of New York provided sufficient evidence is found and at the Judge's discretion, with a recommendation for review from the Honorable Rya Zobel

which includes this request, the evidentiary exhibits delivered at the hearing, and a transcript of the hearing.

6. WHEREFORE time is of the essence due to a recurring pattern of damages, provided sufficient evidence be found and at the Judge's discretion, evidence which was formerly made unavailable to the Plaintiff will be delivered to the US District Court Boston for consideration of a favorable ruling granting the ability to gather this evidence for use in New York Federal Court or New York Family Court. The Plaintiff will provide a list of excluded evidence at the hearing which the Court can easily request which will corroborate the claims listed in the request.

7. WHEREFORE it be deemed prudent and at the Judge's discretion, the recommendation should include a favorable opinion towards "A Motion Staying" the New York Family Court proceedings.

8. WHEREFORE the Federal Judge of the New York State District receiving the referral will remand the case to an appropriate New York State Family Court based upon the findings delivered after an evidentiary review and based upon the recommendation the Honorable Rya Zobel.

9. WHEREFORE the US District Court of Boston would have divested itself of any Family Court jurisdictional issues after laterally moving that portion of the case to a suitable jurisdiction, and would then be at liberty to hear the financial portion of the case in Boston.

10. WHEREFORE the underlying custody and visitation violation issues can be resolved post-haste, in a proper and un-biased jurisdiction, it becomes more possible to narrow the scope of the case, or settle the case as required by LR, D. Mass. 7.1(a)(2).

5

11. WHEREFORE upon acceptance of this request, the Plaintiff will waive the right to jury trial provided all parties are amenable.

12. WHEREFORE upon acceptance of sufficient evidence, a settlement proposal will be presented for review.

13. WHEREFORE the Defendants Judge Frederick Reed still presides over biased proceedings in New York State and given the continued pattern of bias, a change of jurisdiction to the Albany Family Court system is requested. As the default judgment is likely to create a heightened degree of tension in his court, I formally request a permanent change of venue out of Ontario County, to Albany New York. To further that end, please refer to my previous "Motion to Stay Ontario County Proceedings", so that no more Ontario County rulings may proceed until the civil rights violations are addressed and the pattern of judicial system abuse is revealed.

14. WHEREFORE Judge Frederick Reed has acted to exclude criminal charges against the co-conspirators, these charges will be referred to the New York State Attorney General, or a jurisdiction deemed appropriate, for prosecution to the fullest extent allowed by the law. Judge Frederick Reed's bias has prevented the successful airing of these charges, which should now be heard. Those charges are:

    A. New York State Penal law "Witness Tampering in the 4th", Judge Frederick Reed

    B. New York State Penal law "Perjury", Staci Raggi.

    C. New York State Penal law "Visitation Violations", Staci Raggi.

    D. New York State Penal law "Unethical Procedural Violations", Alexandra Burkett.

    E. New York State Penal law "Solicitation", Alexandra Burkett.

    F. Practicing out of jurisdiction, Alexandra Burkett.

G.  New York State Penal law "Unethical Procedural Violations", Robert Gosper.

15.  WHEREFORE the evidentiary hearing, referral to  and subsequent default judgment is not granted against Judge Reed, the case will be expanded to include New York State and Dr. Robert Tuite, with an additional $10,000,000 being added for a total of $12,000,000 in damages.   To the extent that expanding the scope of the cause can lead to a default judgment being reviewed, the Plaintiff will defer this motion until the appropriate time.

16.  WHEREFORE any clause is found inappropriate according to current applicable laws, that request or clause is hereby withdrawn.

Respectfully submitted,

JON MORISEY, PRO SE

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed at Quincy, Massachusetts, this __15th__ day of February, 2005.

JON P MORISEY, PRO SE

7

## CERTIFICATE OF SERVICE

I hereby certify that, on this __15th__ day of February, 2005, a true and complete copy of the

foregoing memorandum, by depositing the same in the United States mail, postage prepaid, has

been duly served upon all parties of record in the lower state proceedings, to-wit:

(Defendant):
STACI RAGGI
6221 BUCKSKIN DRIVE
FARMINGTON, NY 14425

(Attorney for Staci H Raggi and co-defendant):
ALEXANDRA BURKETT
66 N MAIN ST
CANANDAIGUA, NY 14424

(Guardian Ad Litem):
ROBERT GOSPER
1904 ROUTE 96, SUITE #2
PHELPS, NY 14532

(Attorney for Ontario County Family Court Judge Frederick Reed)
JEFFREY P. MANS, ASSISTANT ATTORNEY GENERAL, STATE OF NEW YORK
DIVISION OF STATE COUNSEL, LITIGATION BUREAU
THE CAPITOL
ALBANY, NEW YORK  12224
(518) 474-3602
JEFFREY.MANS@OAG.STATE.NY.US
BAR NO. 649264

_____
JON P MORISEY, PRO SE

JON P MORISEY
175 J CENTRE ST, APT 1001
QUINCY, MA 02169
781-308-9295
JMORISEY8@YAHOO.COM

8