IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

Cause No: _____04-12173RWZ_____

| | |
|---|---|
| Jon P Morisey, | ) |
|       Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Staci H Raggi, | ) |
|       Respondent, | ) |
| | ) |

## Evidence of Service

Comes now the Petitioner, JON P MORISEY, presenting the "Evidence of Service" supporting the affirmation of the Plaintiff's right to seek relief in the US Federal District Court of Boston and seek an evidentiary hearing and potentially a default judgment.

1. The Plaintiff requests an evidentiary hearing where evidence of the potential for bias and Federal civil rights violation be considered pursuant to FCPR 55b-(2). *...If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.*

1

2.   The Plaintiff will show there is no reason for dismissal based on US Federal Code and applicable state and local rules with respect to the service of the complaint.

### US Federal Code

1. The Plaintiff reaffirms personal service pursuant to FCRP Rule 4(c) and (e). This affirmation was given in the original request for default judgment which was incorrectly noted as being absent by the Assistant Attorney General of the State of New York in his motion against default judgment.

2. The Plaintiff reaffirms US Postal Service "Express Mail" on October 25, 2004 was delivered to all defendants. This affirmation was given in the original request for default judgment which was incorrectly noted as being absent by the Assistant Attorney General of the State of New York in his motion against default judgment.

3. The Plaintiff reaffirms a sworn, dated, and notarized Affidavit of Service was presented in the request for default judgment.

4. The Plaintiff reaffirms the US Postal Service return receipt shows E Lombardo, an employee of the Ontario Country Court who would customarily receive legal documents as a matter of job duties, received the certified copy of the Federal Complaint. This affirmation was given in the original request for default judgment which was incorrectly noted as being absent by the Assistant Attorney General of the State of New York in his motion against default judgment.

5. The Plaintiff reaffirms the service complies with FRCP Rule 4(d)(2) and that the defendant was, "provided with an extra copy of this notice and request, as well as a prepaid means of compliance in writing". This affirmation was given in the original

request for default judgment which was incorrectly noted as being absent by the Assistant Attorney General of the State of New York in his motion against default judgment.

6. The Plaintiff reaffirms the service complies with FRCP Rule 4(d)(2)(G) as "an extra copy of the complaint was provided as well as a prepaid means of compliance". This affirmation was given in the original request for default judgment which was incorrectly noted as being absent by the Assistant Attorney General of the State of New York in his motion against default judgment.

7. The Plaintiff reaffirms the service complies with FRCP Rule 4(d)(2)(F) and 30 days was given for response as the "Request for Default Judgment" was requested on December 22, 2004 and service was delivered on October 26, 2004 by E Lombardo. Any confusion over the 15 day figure was erased in the November 16, 2004 "Counter-|Motion Against Dismissal" where item 16 explained, "If any item is found unsuitable, I hereby withdraw the request of that item", therefore the 15 day issue is a moot point. The discrepancy did not prevent or impede a response, which was not forthcoming for almost 90 days after service in the form of the January 3, 2005, "Motion for Dismissal"; exactly 30 days after the Assistant Attorney General of New York made the first response in his December 3, 2004 e-mail. The e-mail referenced this cause number, showing that E Lombardo delivered the complaint to Judge Reed, who in turn referred the matter to the Assistant Attorney General of the State of New York, there is no other way he could know the cause number, thus validating service. The e-mail threatened a motion for dismissal which was not forthcoming for another 30 days, further impeding progress and denying the Plaintiff the right to a speedy resolution.

3

8. The Plaintiff reaffirms the service complies with FRCP Rule 4(e)(1) as all applicable state laws related to service were observed.

9. The Plaintiff reaffirms the service complies with FRCP Rule 56(b) and FCRP Rule12(b)(6) as the claim of Federal Civil Rights violations was clearly stated, jurisdictional considerations are addressed in the "Evidence of Law". This affirmation was given in the original request for default judgment which was incorrectly noted as being absent by the Assistant Attorney General of the State of New York in his motion against default judgment.

10. The Plaintiff affirms that all active cases in New York State Family Court were initiated from a Massachusetts address. The dockets numbers supplied reflect an original case which has already been ruled upon, albeit in a biased fashion, by the State of New York. The Plaintiff moved to Massachusetts permanently one month after that case cited was initiated and was not heard until after moving. At the time, I was living 5 days a week at the Holiday Inn, Rockland Massachusetts in order to work for the nearby Serono Corporation as I had for nine months prior to getting a full time offer there. Although still receiving mail at the New York address, I would return there only every other weekend to visit the children and have driven 38,000 miles (one and a half trips around the earth) since working at Serono to remain accessible to my children.

11. The Plaintiff reaffirms that the Federal question of Civil Rights violations is at issue, contrary to the claims in the motion against default judgment.

12. The Plaintiff reaffirms the ongoing pattern of Civil Rights violations that occurred over a two year period and continue to occur. The duration of time passed on the underlying decision is moot because other actions were initiated after those cited.

## New York Civil Practice Law and Rules

1. CPLR 312-a was applicable and complied with, as the service was completed by pre-paid Express Mail, which included two copies of the summons, complaint (and all associated documents) and the acknowledgement receipt.

2. CPLR 2103 was fully complied. Since Judge Reed is an Attorney the statute below applies, and was followed.

    a. Rule 2103. Service of papers. (a) Who can serve. Except where otherwise prescribed by law or order of court, papers may be served by any person not a party of the age of eighteen years or over. (b) Upon an attorney. Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon the party's attorney. Where the same attorney appears for two or more parties, only one copy need be served upon the attorney. Such service upon an attorney shall be made:

    b. 1. by delivering the paper to the attorney personally; or

    c. 2. by mailing the paper to the attorney at the address designated by that attorney for that purpose or, if none is designated, at the attorney's last known address; service by mail shall be complete upon mailing; where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period; or

    d. 3. if the attorney's office is open, by leaving the paper with a person in charge, or if no person is in charge, by leaving it in a conspicuous place; or if the attorney's office is not open, by depositing the paper, enclosed in a sealed wrapper directed to the attorney, in the attorney's office letter drop or box; or

e. 4. by leaving it at the attorney's residence within the state with a person of suitable age and discretion. Service upon an attorney shall not be made at the attorney's residence unless service at the attorney's office cannot be made; or

### Massachusetts Civil Practice Law and Rules

1. MGL 3 is clearly not applicable and is clearly meant to mystify a Pro Se litigant into believing there is no possible way to proceed. The citation is incomplete, Massachusetts General Law is organized in Chapters and Sections, the Assistant Attorney General of the State of New York's citation is utter nonsense referencing only a section, but no chapter.

2. MRCP Rule-4(e) **Same: Personal Service Outside the Commonwealth.** *When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.* This rule was clearly followed. If either of those clauses prohibited an out of state service for the US Federal District Court, common sense tells us that we could not ever achieve jurisdictional diversity as we have already established.

## Disclaimer

1. ***Picking v. Pennsylvania Railway*, 151 F.2d. 240, Third Circuit Court of Appeals** The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's pleadings without regard to technicalities."

## Summary and Prayer

1. WHEREFORE the Plaintiff has presented sufficient evidence pursuant to FCPR 55b-(2), the motions to dismiss to this cause should be denied as relief at the discretion of the Court and with respect to legal precedent and applicable US Federal Code disproving the claims made in defense's motion for dismissal.

2. WHEREFORE the Plaintiff recognizes the service may not be affirmed in Court, he requests more time than the 120 days allotted from the date of filling the certified complaint to provide service under FCPR 4.1(m).

3. WHEREFORE the Honorable Rya Zobel finds sufficient evidence of Federal violations the following relief will be sought as requested in the "Motion for Evidentiary Hearing":

Respectfully submitted,

_____
JON MORISEY, PRO SE

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed at Quincy, Massachusetts, this __15th___ day of February, 2005.

_____
JON P MORISEY, PRO SE

CERTIFICATE OF SERVICE

I hereby certify that, on this __15th__ day of February, 2005, a true and complete copy of the foregoing memorandum, by depositing the same in the United States mail, postage prepaid, has been duly served upon all parties of record in the lower state proceedings, to-wit:

(Defendant):
STACI RAGGI
6221 BUCKSKIN DRIVE
FARMINGTON, NY 14425

(Attorney for Staci H Raggi and co-defendant):
ALEXANDRA BURKETT
66 N MAIN ST
CANANDAIGUA, NY 14424

(Guardian Ad Litem):
ROBERT GOSPER
1904 ROUTE 96, SUITE #2
PHELPS, NY 14532

(Attorney for Ontario County Family Court Judge Frederick Reed)
JEFFREY P. MANS, ASSISTANT ATTORNEY GENERAL, STATE OF NEW YORK
DIVISION OF STATE COUNSEL, LITIGATION BUREAU
THE CAPITOL
ALBANY, NEW YORK  12224
(518) 474-3602
JEFFREY.MANS@OAG.STATE.NY.US
BAR NO. 649264

_____
JON P MORISEY, PRO SE

JON P MORISEY
175 J CENTRE ST, APT 1001
QUINCY, MA 02169
781-308-9295
JMORISEY8@YAHOO.COM