FILED
CLERKS OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

FEB 16  P 3: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

Cause No:_____04-12173RWZ_____

Jon P Morisey,                          )

       Petitioner,                    )
                                        )
v.                                      )
                                        )
Staci H Raggi,                          )

       Respondent,                    )
                                        )

## Evidence of Law

Comes now the Petitioner, JON P MORISEY, presenting the "Evidence of Law" supporting the affirmation of the Plaintiff's right to seek relief in the US Federal District Court of Boston and seek an evidentiary hearing.

1.   The Plaintiff requests an evidentiary hearing where evidence of the potential for bias and Federal civil rights violation be considered pursuant to FCPR 55b-(2).  *...If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.*

1

2.    The Plaintiff will show there is no reason for dismissal based on Federal Code and further that the US District Court has primary jurisdiction.

3.    The Plaintiff will show there is no reason for dismissal based on judicial immunity.

4.    The Plaintiff will show there is no reason for dismissal based on jurisdictional diversity.

5.    The Plaintiff will show there is no reason for dismissal based on the Younger Abstention.

6.    The Plaintiff will show there is no reason for dismissal based on the Rooker Feldman Doctrine.

## US Federal Code

1.    **§ 1441. Actions removable generally** *(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded. (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district*

2

court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

(d) Any civil action brought in a State court against a foreign state as defined in section 1603 (a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446 (b) of this chapter may be enlarged at any time for cause shown.

(e) The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

2. **§ 1443. Civil rights cases** *Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:*

*(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;*

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

3. Clearly the US District Court has original jurisdiction over charges of discrimination and civil rights violations which are the subject of the case.

4. Having established original jurisdiction in US Federal District Court, the arguments cited in the motion for dismissal of this cause are refuted. Specifically inapplicable are the

3

precedents listed below which were offered in support of dismissal by the Assistant Attorney General of the State of New York:

a. **Cunningham v Ardox, Inc 40 Mass App 279,663 NE2d 577 [1996]** – The original jurisdiction of the Federal Civil Rights cause in the District Court is not lost due to the long arm statute.

b. **Hood v American M.A.N. Corp. 20 Mas App 937, 479 NE2d 717 [1985]** The original jurisdiction of the Federal Civil Rights cause in the District Court is not lost due to the long arm statute.

c. **Roy v Roy, 47 Mass App 921, 715 NE2d 70 [1999]** The original jurisdiction of the Federal Civil Rights cause in the District Court is not lost due to the long arm statute.

d. **Chelba v H.E Fortna & Bro, Inc., 609 F2d 1022 [1ˢᵗ Cir. 1979]** The original jurisdiction of the Federal Civil Rights cause in the District Court is documented in . § 1441. Actions removable generally and § 1443. Civil rights cases fulfilling the requirement of going beyond the pleadings and making affirmative proof of jurisdiction as required by this precedent.

e. **Good Hope Industries, Inc. v Ryder Scott Co., 378 Mass 1, 389 NE2d 76 [1979].** The original jurisdiction of the Federal Civil Rights cause in the District Court is documented in . § 1441. Actions removable generally and § 1443. Civil rights cases fulfilling the requirement of going beyond the pleadings and making affirmative proof of jurisdiction as required by this precedent.

f. **Ureneck v Yingong, 2002 Mass. App. Div. 141 [2002]** The contact described is with the Federal Government, having jurisdiction over all states, this case does not apply.

g. **International Shoe Co. v Washington, 326 US 310, 319 [1945]** The case citation is from 1945 when travel was more burdensome. As stated in the "Evidence of Service", the Plaintiff has made this trip on a bi-monthly basis for more than two years. The restrictions related to the burden of litigating in a distant or inconvenient forum. The Plaintiff reminds the Assistant Attorney General of the State of New York that Albany is roughly equidistant from Boston, and Judge Reed's location. With the Assistant Attorney General of the State of New York appearing on behalf of Judge Reed as stated in the January 3, 2005 "Motion to Dismiss", there is an equal amount of inconvenience for either of us making the numerous citations of this nature irrelevant. Because the Plaintiff looses time at work while attending Court while others are being paid for their attendance, the Plaintiff would entertain a greater burden if required to travel.

## **Judicial Immunity**

1. ***Cooper v. Aaron*, 358 U.S. 1, 78 S. Ct. 1401 (1958)** Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of treason. The U.S. Supreme Court has stated that "no state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it". See also In Re Sawyer, 124 U.S. 200 (188); U.S. v. Will, 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821).

2. ***Cooper v. O'Conner*, 99 F.2d 133** There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign.

3. ***Marbury v. Madison*, 5 U.S. (2 Cranch) 137, 180 (1803)** Since the 14th Amendment to the Constitution state "NO State (Jurisdiction) shall make or enforce any law which shall abridge the rights, privileges, or immunities of citizens of the United States nor deprive any citizens of life, liberty, or property, without due process of law, ... or equal protection under the law", this renders judicial immunity unconstitutional.

4. ***Pulliam v. Allen*, 466 U.S. 522 (1984)** Judicial immunity is not a bar to prospective injunctive relief against a judicial officer, such as petitioner, acting in her judicial capacity.

5. ***Scheuer v. Rhodes*, 416 U.S. 232** The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case

stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

6. ***U.S. v. Lee,*** **106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)** "No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it." "It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives."

7. Clearly the US District Court has reason to believe there is precedent of judicial immunity being revoked under circumstances of discrimination and civil rights violations which are the subject of the case which are protected under the Constitution or Federal Law. This negates the use of judicial immunity arguments in support of a motion for dismissal of this cause given the circumstances of this case, rendering the following cited precedents irrelevant.

   a. **Conley v Gibson, 355 US 41, 45-46 [1937]**

   b. **Stump v Sparkman, 435 US 358, 356-357 [1978]**

   c. **Bradley v Fischer, 13 Wall 335, 351-352 [1872]**

   d. **Mireles v Waco, 502 US 9 [1991]**

   e. Judicial Immunity is with respect to claims arising from valid rulings, it does not exclude criminal acts or actions prohibited by Federal law.

7

### Jurisdictional Diversity

1. **US Code § 1331. Federal question** The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2. **US Code § 1332. Diversity of citizenship; amount in controversy; costs** (a) *The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,* exclusive of interest and costs, and is between—

   *(1) citizens of different States;*

   (2) citizens of a State and citizens or subjects of a foreign state;

   (3*) citizens of different States* and in which citizens or subjects of a foreign state are additional parties; and …

3. Clearly the US District Court has reason to believe there is both US Federal Code, and evidence in support of jurisdictional diversity being met under the circumstances of this cause given the residences and the amount of financial relief requested of the litigants which negate use of jurisdictional diversity arguments in support of a motion for dismissal of this cause given the circumstances of this case.

4. Having established jurisdictional diversity in US Federal District Court, the arguments cited in the motion for dismissal of this cause are refuted. Specifically inapplicable are the precedents listed below which were offered in support of dismissal by the Assistant Attorney General of the State of New York.

   a. **Danca v Private Health Care Systems, Inc., 185 F3d 1 [1st Cir. 1999]** Does not apply as jurisdictional diversity has been established in accordance with US

Code sections **US Code § 1331. Federal question**, and **US Code § 1332. Diversity of citizenship; amount in controversy; costs.**

b. **Murphy Bros., Inc. v Michetti Pipe Stringing, Inc., 526 US 344 [1999]** The Federal claim of Civil Rights violations was clearly listed in the initial Complaint titled "Complaint: Notice of Petition and Verified Petition For Warrant Of Removal" in sections twelve through nineteen, dated October 25, 2004 fully rebutting the precedent cited. Numerous case citations from the Assistant Attorney General of the State of New York are refuted by the fact that the US District Court has original jurisdiction over matters of Civil Rights violations as cited ad naseum above.

c. **Northern Illinois Gas Co. v Airco Indus. Gases, 676 F2d 270, 273 [7ᵗʰ Cir. 1982]** No delayed timeliness of response was created by the Plaintiff as is the essence of this citation, remand was not ordered by the Federal Court within the initial thirty day period, rendering this citation moot.

d. **Koenigsberger v Richmond Silver Mining Co. 158 US 41, 49-50 [1895]** Does not apply due to the diversity of the active cases. While adjudicated cases are not Federally reviewable due the substance of the ruling, they are reviewable upon claims for which the Federal District Court has original jurisdiction, namely Civil Rights violations.

e. **28 USC Sections 1441, 1443, and 1446** The pattern of bias allegedly in the Federal Civil Rights violation is ongoing and has occurred within the 30 days period and continues presently, therefore the 30 day time limit is inapplicable.

f.  **Aetna Health, Inc. v Davila, 124 S.Ct 2488 [2004]** The New York State petitions naturally do not contain a Federal question as Civil Right violations are the original jurisdiction of the Federal District Court. Completely irrelevant.

g.  **Hernandez Agosto v Romero-Barcelo, 748 F2d 1,2 [1ˢᵗ Cir. 1984]]** The New York State petitions naturally do not contain a Federal question as Civil Right violations are the original jurisdiction of the Federal District Court. Completely irrelevant.

h.  **Healy v Ratta,** 292 US 263, 270 (1934) This citation requiring the Federal Government to, "… scrupulously confine their jurisdiction to the precise limits which the statute has defined". The **§ 1443. Civil rights cases** section shows that the citation above is inapplicable due to the original jurisdiction over Civil Rights cases provided to the US District Court. **Shamrock Oil & Gas Corp. v Sheets, 313 US 100 (1941)** is nearly as out of date as Healy v Ratta, but also equally inapplicable for the same reasons listed above.

i.  **Cochran v Montgomery County,** 199 US 260 [1905] This citation predicated on the absence of diversity jurisdiction (refuted in the section below) and the lack of a Federal claim is irrelevant, the Federal claim of Civil Rights violations was clearly listed in the initial Complaint titled "Complaint: Notice of Petition and Verified Petition For Warrant Of Removal" in sections twelve through nineteen, dated October 25, 2004 fully addressing the precedent cited.

### Younger Abstention

1.  **1 Stat. 335, c. 22, 5. A comparison of the 1793 Act with 28 U.S.C. 2283** Since the beginning of this country's history Congress has, subject to few exceptions, manifested a

desire to permit state courts to try state cases free from interference by federal courts. In 1793 an Act unconditionally provided: "[N]or shall a writ of injunction be granted to stay proceedings in any court of a state . . . ." 1 Stat. 335, c. 22, 5. A comparison of the 1793 Act with 28 U.S.C. 2283, its present-day successor, graphically illustrates how few and minor have been the exceptions granted from the flat, prohibitory language of the old Act. During all this lapse of years from 1793 to 1970 the statutory exceptions to the 1793 congressional enactment have been only three: (1) "except as expressly authorized by Act of Congress"; (2) "where necessary in aid of its jurisdiction"; and (3) "to protect or effectuate its judgments." In addition, a judicial exception to the longstanding policy evidenced by the statute has been made where a person about to be prosecuted in a state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages. See Ex parte Young, 209 U.S. 123 (1908).

2. **Bonnie L. v Jeb Bush**  *The case presents the Supreme Court with a chance to review a dramatic and unsound expansion of Younger abstention that raises important issues about the interaction of the nation's dual system of federal and state courts.* The Eleventh Circuit's decision turns a narrowly-drawn exception to a federal court's "virtually unflagging" duty to exercise its jurisdiction into a categorical bar to foster children in state custody seeking to enjoin prospective violations of their constitutional rights by the executive officials responsible for their care. The decision conflicts in principle with three decades of the Supreme Court's teachings on the type of federal court interference with state court proceedings that calls for application of Younger abstention. The decision also conflicts directly with decisions of other circuit courts applying Younger abstention, including those concerning application of Younger to factually similar child

11

welfare reform litigation.

A federal magistrate in Florida, the Hon. Robert Dubé, *upheld the legal claims in the lawsuit even though the state had moved to have all of the legal claims dismissed.*
He also recommended to the Hon. Federico Moreno of the District Court
for the Southern District of Florida that the case proceed as a class action
on behalf of all the children in the state.

3.  **Dombrowski v. Pfister, 380 U.S. 479 (1965)** "the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana." 380 U.S., at 482 . The appellants in Dombrowski had offered to prove that their offices had been raided and all their files and records seized pursuant to search and arrest warrants that were later summarily vacated by a state judge for lack of probable cause. They also offered to prove that despite the state court order quashing the warrants and suppressing the evidence seized, the prosecutor was continuing to threaten to initiate new prosecutions of appellants under the same statutes, was holding public hearings at which photostatic copies of the illegally seized documents were being used, and was threatening to use other copies of the illegally seized documents to obtain grand jury indictments against the appellants on charges of violating the same statutes. These circumstances, as viewed by the Court sufficiently establish the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith, that had always been considered sufficient to justify federal intervention.

12

See, e. g., Beal, supra, at 50. Indeed, after quoting the Court's statement in Douglas concerning the very restricted circumstances under which an injunction could be justified, the Court in Dombrowski went on to say: "But the allegations in this complaint depict a situation in which defense of the State's criminal [401 U.S. 37, 49] prosecution will not assure adequate vindication of constitutional rights. They suggest that a substantial loss of or impairment of freedoms of expression will occur if appellants must await the state court's disposition and ultimate review in this Court of any adverse determination. These allegations, if true, clearly show irreparable injury." 380 U.S., at 485 -486.

4. **Ex parte Young, 209 U.S. 123** *The following cases have established the doctrine that when absolutely necessary for protection of constitutional rights courts of the United States have power to enjoin state officers from instituting criminal actions.* But this may not be done except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the State and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, *unless it plainly appears that this course would not afford adequate protection."* Id., at 243-244. These principles, made clear in the Fenner case, have been repeatedly followed and reaffirmed in other cases involving threatened prosecutions. See, e. g., Spielman Motor [401 U.S. 37, 46] Sales Co. v. Dodge, 295 U.S. 89 (1935); Beal v. Missouri Pac. R. Co., 312 U.S. 45 (1941); Watson v. Buck, 313 U.S. 387 (1941); Williams v. Miller, 317 U.S. 599 (1942); Douglas v. City of Jeannette, 319 U.S. 157 (1943).

5. **Harrison v. NAACP, 360 U.S. 167 (1959)** *Federal jurisdiction is not ousted by abstention; rather it is postponed.*

6. **Younger v Harris** *The concept does not mean blind deference to "States' Rights" any more than it means centralization of control over every important issue in our National Government and its courts.* The Framers rejected both these courses. What the concept does represent is a system in which there is *sensitivity to the legitimate interests of both State and National Governments*, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that *will not unduly interfere with the legitimate activities of the States.*

7. It is important to note that the subject of the Younger case was a criminal act for which the Federal government did not have original jurisdiction. This is a completely different scenario, inapplicable to the facts of my civil rights cause.

8. Clearly the US District Court has reason to believe there is both US Federal Code, and case precedent which negate use of Younger in support of a motion for dismissal of this cause given the circumstances of this case.

9. Having established the inapplicable nature of Younger in US Federal District Court, the arguments cited in the motion for dismissal of this cause are refuted. Specifically inapplicable are the precedents listed below which were offered in support of dismissal by the Assistant Attorney General of the State of New York.

   a. <u>**Schlager v Phillips**</u>, **166 F.3d439, 442 [2nd Cir. 1999]**

   b. <u>**Diamond "D" Constr. Corp. v McGowan**</u>, **282 F.3d 191, 198 [2nd Cir. 2002]**

   c. <u>**Johnson v Bd. Of Bar Overseers**</u>, **324 F.Supp 276 [D Ma 2004]**

d. **Middlesex County Ethics Comm v Garden State Bar Assn., 457 US 619**

[1982] The Federal government is forbidden by Younger from reviewing the adverse effects of state decisions, however, the Federal District Court hold original jurisdiction over claims of Civil Rights violations. Younger was ruled based upon a criminal case for which the state had original jurisdiction.

e. **Ankenbrandt v Richards, 504 US 689, 693-704 [1992]**

f. **Johnson v Rodrigues, 226 F.3d 1103, 111-12 [10th Cir. 2000]**

g. **Landmark Communications, Inc v Virginia, 435 US 829, 848 [1978]**

h. **Pincham v Ill. Judicial Inquiry Bd, 872 F2d 1341, 1347 [7th Cir.]**

i. **Anonymous v Ass'n of the Bar of the City of New York, 515 F2d 427, 430 [2nd Cir.]**

j. **NY Constitution Art 6, Section 1[a],[b]**

k. **New York State Family Court Act Section 113, 115, 447, 467, 651**

l. **New York State Domestic Relations Law Sections 247, 240** The substance of these citations is that New York has an interest in policing its own "dirty laundry" with respect to its judicial system. Pursuant to that end, I contacted several state organizations such as the Administrative Judge, who suggested appeal; and the State Attorney General's office, who was apparently too busy ignoring the summons and defense of Judge Reed to be bothered by my request for them to police their system in order to assure its ongoing credibility. I have appealed every single ruling Judge Reed has supplied and never have had any appeal entertained. In a functioning system, the appeal would have occurred, it has not, calling into question the entire New York State system. As for the District

Attorney, I was refused access. Yes, several of the citations state that, "the district attorney enjoys unfettered discretion to determine whether to prosecute a particular suspect", I agree that it is a matter of fact, however, the Plaintiff also attests to the fact that the District Attorney can selectively refuse to return the phone calls of any and all parties seeking governmental relief, irrespective of how compelling their claims may be, particularly if the suspect is a member of his country club or local bar association.

## Rooker Feldman

1. **Worldwide Church of God, 805 F.2d at 891 Rooker-Feldman** *Although Rooker-Feldman prevents the Court from reviewing the substance of a state court's decision, the Court "does have jurisdiction over a 'general' constitutional challenge that does not require review of a final state court decision in a particular case."* <u>Worldwide Church of God</u>, 805 F.2d at 891. Thus, "[t]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." <u>Young</u>, 90 F.3d at 1231 (citations and internal quotations omitted*). For example, a federal district court may have jurisdiction to review the constitutionality of a state law, but not the constitutionality of a state court's application of that law in a specific case.* See Schwarzer, <u>supra</u>, ¶ 2:1382 at 2E-86. *No judgement is being challenged, an accusation of Civil Rights violations has been levied.* In this motion, the County defendants move to dismiss on the grounds that the plaintiff's claims are barred by the doctrine of res judicata, the Eleventh Amendment, and prosecutorial immunity. However, as a preliminary matter, the Court must address the issue of subject matter jurisdiction. The United States District Court is a court of original

16

jurisdiction, and therefore does not have jurisdiction to conduct appellate review of state court proceedings. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986). Thus, a district court cannot review state court decisions "in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). Instead, "litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir. 1996). *No appeal is being made to the Federal Court, but rather a Civil case based on civil rights violations by the state, for which the Federal Court has original jurisdiction.* The Rooker-Feldman doctrine applies when a federal plaintiff was a party to a state court action and is essentially challenging an adverse decision by the state court. See Schwarzer, supra, 2:1388 at 2E-87. The Ninth Circuit has held that the doctrine bars review of non-final as well as final state court decisions. See Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994).The Plaintiff is not challenging an adverse decision, no decision has been made. The bias related to Civil rights violation of which the Federal Courts have original jurisdiction is being challenged.

2. **Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)** *Under the Rooker-Feldman doctrine, federal district courts lack subject-matter jurisdiction over any action that "in essence, would be an attempt to obtain direct review of the [state court's judicial] decision in the lower federal courts."* ASARCO, 490 U.S. at 622-623. The issues presented in state and federal court need not be identical. The Rooker-Feldman doctrine

applies as long as the issues are "inextricably intertwined." Feldman, 460 U.S. at 483 n.16.12

3. ***Gomillion v. Lightfoot*, 364 U.S. 155 (1966), cited also in Smith v. Allwright, 321 U.S. 649.644** "Constitutional 'rights' would be of little value if they could be indirectly denied."

4. ***Miranda v. Arizona*, 384 U.S. 426, 491; 86 S. Ct. 1603** "Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them."

5. ***Sherar v. Cullen*, 481 F. 2d 946 (1973)** "There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights."

6. ***Warnock v. Pecos County, Texas.*, 88 F3d 341 (5th Cir. 1996)** Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

7. ***Cannon v. Commission on Judicial Qualifications*, (1975) 14 Cal. 3d 678, 694** Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

8. ***Gonzalez v. Commission on Judicial Performance*, (1983) 33 Cal. 3d 359, 371, 374** Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

9. ***Olmstad v. United States*, (1928) 277 U.S. 438** "Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."

10. ***Owen v. City of Independence*** "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."

11. ***Perry v. United States*, 204 U.S. 330, 358** "I do not understand the government to contend that it is any less bound by the obligation than a private individual would be..." "It is not the function of our government to keep the citizen from falling into error; it is the function of the citizen to keep the government from falling into error."

12. ***Davis v. Wechler*, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449** "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

13. ***Ex Parte v. Bradley*, 74 US (7 Wall) 764** Malicious conduct by judges not allowed.

14. ***Howlett v. Rose*, 496 U.S. 356 (1990)** Federal Law and Supreme Court Cases apply to State Court Cases.

15. ***Clearly,*** Judges have no immunity from violating our civil rights, ruling outside their jurisdiction or for their criminal acts on the bench.

16. The subject of this cause is Civil Rights violations which are reviewable by the US Federal District Court whether they occur in a State Court, the workplace or a school bus.

17. No ruling has currently been issued in the New York State Family Court cause which is the subject of this cause which negates use of Rooker-Feldman in support of a motion for dismissal of this cause given the circumstances of this case. Further there are actions that are not being presented due to this pattern of Civil Rights violations.

18. Having established the inapplicable nature of the Rooker-Feldman doctrine in US Federal District Court, the arguments cited in the motion for dismissal of this cause are refuted.

Specifically inapplicable are the precedents listed below which were offered in support of dismissal by the Assistant Attorney General of the State of New York.

        a. **District of Columbia Court of Appeals v Feldman, 460US 462 [1983]**

        b. **Duboys v Bomba, 199 F.Supp2d 166 [SDNY 2002]**

        c. **Genter v Shulman, 55 F3d 87, 89 [2d Cir. 1995]**

        d. The substance of these claims relate to not reviewing the claims of the state cases, while the Plaintiff is asking for a review of bias under the Federal Civil Rights violations.

## Disclaimer

*1.* ***Elmore v. McCammon* (1986) 640 F. Supp. 905** "... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws."

## Summary and Prayer

1. WHEREFORE the Plaintiff has presented sufficient evidence pursuant to FCPR 55b-(2), the motions to dismiss to this cause should be denied as relief at the discretion of the Court and with respect to legal precedent disproving the claims made in defense's motion for dismissal.

2. WHEREFORE the Plaintiff does not believe the tardy response of legal precedent by Judge Reed should allow legal argument to be entertained but rather only the claim surrounding service.

3. WHEREFORE the Honorable Rya Zobel finds sufficient evidence of Federal violations the following relief will be sought as requested in the "Motion for Evidentiary Hearing":

Respectfully submitted,

JON MORISEY, PRO SE

21

VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed at Quincy, Massachusetts, this ___15th___ day of February, 2005.

JON P MORISEY, PRO SE

CERTIFICATE OF SERVICE

I hereby certify that, on this __15th__ day of February, 2005, a true and complete copy of the

foregoing memorandum, by depositing the same in the United States mail, postage prepaid, has

been duly served upon all parties of record in the lower state proceedings, to-wit:

(Defendant):
STACI RAGGI
6221 BUCKSKIN DRIVE
FARMINGTON, NY 14425

(Attorney for Staci H Raggi and co-defendant):
ALEXANDRA BURKETT
66 N MAIN ST
CANANDAIGUA, NY 14424

(Guardian Ad Litem):
ROBERT GOSPER
1904 ROUTE 96, SUITE #2
PHELPS, NY 14532

(Attorney for Ontario County Family Court Judge Frederick Reed)
JEFFREY P. MANS, ASSISTANT ATTORNEY GENERAL, STATE OF NEW YORK
DIVISION OF STATE COUNSEL, LITIGATION BUREAU
THE CAPITOL
ALBANY, NEW YORK  12224
(518) 474-3602
JEFFREY.MANS@OAG.STATE.NY.US
BAR NO. 649264

JON P MORISEY, PRO SE

JON P MORISEY
175 J CENTRE ST, APT 1001
QUINCY, MA 02169
781-308-9295
JMORISEY8@YAHOO.COM