UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12173-RWZ

JON P. MORISEY

v.

STACI H. RAGGI, et al.

MEMORANDUM OF DECISION

March 21, 2005

ZOBEL, D.J.

     Petitioner Jon P. Morisey seeks removal to the District of Massachusetts of four actions pending in the Family Court of Ontario, New York (case numbers V-00934-03/03A and V-00935-03/03A). These actions concern petitioner's custody and visitation rights with respect to his two children as against their mother, Staci H. Raggi. Petitioner asserts that he has suffered many disadvantageous rulings in the pending domestic actions as a result of inappropriate conduct by the judge, the Honorable Frederick Reed. He also faults Ms. Raggi and her attorney, Alexandra Burkett, as well as Robert Gosper, the state Law Guardian assigned to represent the children. As a result, petitioner named each of these individuals as defendants in the instant action. All now move to dismiss.

     Petitioner attempts to obtain jurisdiction for removal by including, in his petition, new claims that rest upon federal constitutional rights. However, "[t]he existence of a federal question must be determined from the allegations in the complaint, without

reference to other documents such as the petition for removal or the answer." James v. Bellotti, 733 F.2d 989, 992 (1st Cir. 1984). While "elements of a federal claim need not be explicitly and comprehensively recited, . . . the federal claim must nevertheless be substantial and identifiable." Id. See also, Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936)(reasoning that "the [federal] controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.")

The state court Petitions for Modification underlying the pending domestic actions concern child custody and visitation orders and reveal absolutely no "claim or right arising under the Constitution, treaties or laws of the United States . . ." 28 U.S.C. § 1441(b). In asserting that his "petition for removal is strictly *not* about a typical domestic relations action . . . ," petitioner misplaces his focus on the concepts, claims and defendants newly introduced in the petition instead of those contained in the underlying pending domestic actions. Petition, p. 13 (emphasis in original). He makes no argument – and there appears to be no winning argument to be made – that the pending domestic actions themselves merit federal jurisdiction. In fact, petitioner specifically explains that he "is expressly *not* asking this Court, nor seeking in *any* way, to **issue** any divorce, alimony, or child custody decrees," as he understands such "would be recognized as an improper intrusion against federalism and comity concerns for original state jurisdiction over what is considered basic matters of family law." Pet.'s Mem. in Support of Pet. for Removal, p. 2 (emphasis in original). Accordingly, there is no federal question basis for jurisdiction.

Petitioner offers several other statutory grounds for removal jurisdiction, but

2

none of these apply to his case. One of the cited statutes applies to original, not removal, jurisdiction for a federal question, while the other details procedures for removal. See 28 U.S.C. §§ 1331 and 1446. Another governs removal of civil rights and equal protection actions from a state court to the district court for the district and division where the state action was originally filed, not to a district court in a *different* district and division, as in the instant suit. See 28 U.S.C. § 1443. Because the pending domestic actions include no claim that would otherwise merit original jurisdiction by a federal court, the provisions cited by petitioner regarding supplemental and pendant jurisdiction are not relevant. See 28 U.S.C. §§ 1441(c), (e) and 1367. Furthermore, although petitioner does not explicitly cite to the statutory provision for removal on the basis of original jurisdiction that would include, for example, diversity jurisdiction, it is worth noting that this provision would only permit removal "to the district court . . . for the district and division embracing the place where such [underlying state] action is pending." 28 U.S.C. § 1441(a). Accordingly, there is no appropriate basis for removal jurisdiction in the District of Massachusetts. Other grounds asserted for dismissal need not be addressed.

    Defendants' motions to dismiss (# 3, #7 and #16 on the docket) are allowed. Petitioner's pending motions to appoint counsel, to "prove service", to stay the pending domestic actions and for an evidentiary hearing (# 9, #11, #14, #18 on the docket) are denied. The pending domestic actions are all remanded to state court.

_____               /s/ Rya W. Zobel_____

DATE                                               RYA W. ZOBEL
                                                   UNITED STATES DISTRICT JUDGE